THOMAS TAYLOR v. ALROPA CORPORATION, *et al.*

189 So. 230
Division B
Opinion Filed May 16, 1939
Rehearing Denied June 9, 1939

*Carroll Dunscombe,* for Plaintiff in Error;
*Smith & Kanner,* for Defendant in Error.

CHAPMAN, J.—The record here shows that Alropa Corporation filed its sworn bill of complaint in the Circuit Court of Martin County, Florida, for the purpose of foreclosing a mortgage trust deed, and appointment of a receiver, and A. P. Kreuger and Tom Taylor, and several others, were made parties defendant. The mortgaged property consisted of a large business building situated in the City of Stuart, Martin County, Florida. The property was heavily mortgaged and Tom Taylor had been named and was acting as trustee in the management and care of the property. He had been appointed and assumed these duties sometime prior to the institution of the forecolsure proceedings and, gleaning from the pleadings appearing in the record, he had proven an efficient and able trustee. The tenants in possession of the property, the judgment lien creditors, and many others having an interest in the property were made parties defendant. Broadly speaking, the suit in which the allegations complained of appeared was an ordinary foreclosure, and the Chancellor below sustained a motion to dismiss the bill of complaint, but allowed additional time to permit the plaintiff to amend so as to overcome certain defective allegations upon which the motion to dismiss was based.

The following language was used in the original bill of complaint:

" * * * that the said defendant, Tom Taylor, has taken no action whatsoever since his said appointment in obtaining an accounting from the said defendant, A. P. Krueger, of the rents, income and profits from the mortgaged property, and has taken no action to protect the interests of the bondholders, although the interest on said bonds has been in default since the year 1926, and all of the bonds as to principal matured before 1934. Plaintiffs further allege that on or about the 6th day of December, City of

Stuart filed suit against the land involved herein for foreclosure of delinquent City taxes, and that the said Tom Taylor, as Trustee, on May 1st, 1933, entered into an agreement with the City of Stuart to pay the delinquent taxes on the installment plan by paying ten (10%) per cent of the monthly rental received from the property; that plaintiffs allege upon information and belief that the said Tom Taylor as Trustee, has not since the execution and delivery of said agreement carried out the same according to the terms thereof. Plaintiffs would further allege that the said defendant, Tom Taylor, as Trustee, has failed to require the defendant, A. P. Krueger, to carry insurance on the mortgaged property in the sum of $65,000, as is provided for in said mortgage Deed of Trust, and further that said Tom Taylor, as Trustee, has failed to perform his duties as such Trustee in that he permitted the defendant, A. P. Krueger, to divert and use the profits received from said mortgaged property to his own use, and not required that they be used for the purpose of paying the taxes, insurance premiums, interest on said bonds and sums of money for sinking fund purposes, and the plaintiffs further allege that said Trustee has been wholly derelict in his duties as such Trustee, and has unreasonably neglected to protect the interests of the bondholders, and has been grossly negligent in the performance of his said duties; * * * "

"In several counts of the declaration in this cause it is contended that the allegations, *supra,* were not a privileged publication, but were false, scandalous, malicious and defamatory libels of the plaintiff and the result of the publication thereof was that the plaintiff had been discredited and injured in his business to the amount or value of many thousands of dollars. The lower court sustained a demurrer to the declaration and judgment for the defendant was en-

tered thereon and in this Court the order sustaining plaintiff's demurrer in the lower court is assigned as error. The lower court was of the opinion, no doubt, that the words, *supra,* were privileged or an order sustaining the demurrer to the different counts of the declaration would not have been entered. In other words, the trial court held that the publication, *supra,* was not *per se* actionable.

The rule adopted by this Court controlling privileged publications is that words, spoken or written, in the course of a judicial proceeding by the parties, or counsel, if relevant will not support an action for defamation; nor when irrelevant, if the speaker or writer believed that the words used were relevant, and had reasonable or probable cause so to believe; nor in any case, without proof of actual malice. See Myers v. Hodges, 53 Fla. 197, 44 So. 357. There can be no question here about the Circuit Court of Martin County, Florida, having jurisdiction of the parties and subject matter involved in the foreclosure proceedings; and the allegations in the bill that the payment of the bonds described in the mortgage trust deed had not been made; that taxes were due the City of Stuart on the property; that the trustee failed to carry insurance or protection on the mortgaged property; that the profits or income from the property had been unlawfully diverted and the trustee, who was plaintiff in the lower court, was derelict in many of his duties as trustee; have not been shown to have been irrelevant.

It appears that the words appearing in the pleading, *supra,* were relevant and were properly used in connection with the foreclosure proceeding, and the case at bar is ruled by Myers v. Hodges, *supra.*

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur..

Buford, J., concurs in opinion and judgment.

Justices Terrell and Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.