308 So.2d 634 (1975)
WEST VOLUSIA HOSPITAL AUTHORITY d/b/a West Volusia Memorial Hospital, and St. Paul Hospital & Casualty Company, a Minnesota Corporation, Petitioners,
v.
Mary Lee WILLIAMS, Individually and As Administratrix of the Estate of Willie Ralph Williams, Deceased, et al., Respondents.
No. V-365.
District Court of Appeal of Florida, First District.
January 28, 1975.
Rehearing Denied March 17, 1975.
*635 Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for petitioners.
Michael McDermott, Provitola & McDermott, DeLand, for respondents.
BOYER, Acting Chief Judge.
By Petition for Writ of Common Law Certiorari, petitioners, West Volusia Hospital Authority and its insurance carrier, seek review of an order of the trial court overruling petitioners' objections to a motion to produce certain incident reports.
Respondents filed a compliant in the Circuit Court seeking damages as a result of death of one Willie Williams, whose death was allegedly caused by injuries sustained by the decedent while a patient at the West Volusia Memorial Hospital. Although the complaint alleges that petitioner Hospital Authority "was careless and negligent in failing to maintain proper supervision and control of its facilities, and its staff of nurses and other non-professionals", the only proximate cause alleged in the complaint of the incident allegedly resulting in the injuries to and death of Willie Williams is an allegation that decedent was injured when his bed side rails collapsed as he was attempting to lift himself from or onto an elevated hospital bed, which bed side rails are alleged to have been maintained in a defective condition, and which defective condition was allegedly known or reasonably should have been known to petitioner Hospital Authority. There is no allegation in the complaint that the decedent's fall and resulting injuries resulted from any act or omission other than the collapsing of the bed side rails.
Respondents filed a request to produce pursuant to Rule 1.350(a) RCP seeking "incident reports of defendant pertaining to incidents involving the falls from hospital beds at West Volusia Memorial Hospital" for a one year period preceding the date of the incident giving rise to this controversy. Petitioners' objections were overruled and they were ordered to produce such incident reports.
Petitioners assert that inasmuch as respondents' complaint is based on an incident alleged to have resulted solely because of the collapsing of a defective bed rail, reports of falls resulting from other causes are immaterial and may not be reasonably calculated to lead to the discovery of admissible evidence.[1] We agree.
Were there allegations in the complaint that decedent's fall resulted from *636 negligent supervision or some other such cause then we would have an entirely different question. However, inasmuch as the decedent's fall is alleged to have been caused by a defective bed rail we fail to see how incident reports of falls allegedly resulting from slick floors, lack of supervision, faulty thresholds or a myriad of other causes could be relevant or could be reasonably expected to lead to the discovery of relevant evidence.
Respondents have cited, and rely upon, a decision of this Court, Torrence v. Sacred Heart Hospital.[2] However, it is the distinction in that case which leads to the result sub judice. There we held that a plaintiff in a slip and fall case which alleged improper maintenance of the hospital floors the plaintiff was entitled (incident to appropriate discovery) to the records maintained relating to prior incidents of persons falling in the hall. There the subject matter of the action was the same as that of the prior reports, viz: Falls within the hospital halls.
We have not overlooked respondents' contention that common law certiorari is not an appropriate remedy and that we are without jurisdiction. It is well established that interlocutory orders rendered in connection with discovery proceedings may be reviewed by common law certiorari where the petitioner can demonstrate that the order complained of was rendered by the court in excess of its jurisdiction, or that the order does not conform to the essential requirements of the law and may cause material injury through subsequent proceedings for which remedy by appeal will be inadequate.[3] Sub judice, once the incident reports are produced the harm is done and an appeal following judgment is not only an inadequate remedy but no remedy at all. We hold that common law certiorari is an appropriate remedy and that we have jurisdiction.[4]
Certiorari is granted and the order of the trial judge requiring production by petitioners of incident reports involving all falls from hospital beds at West Volusia Memorial Hospital for the year in question is quashed.
In the event respondents should seek production of incident reports of all falls during a reasonably designated period resulting from defective beds or other related equipment an order requiring production thereof would no doubt be proper. Further, should there be a dispute as to whether prior reported falls resulted from defective bed rails or other such equipment, then the trial judge may, in the exercise of his inherent power and discretion, order an in-camera inspection by the court of such reports.
It is so ordered.
McCORD, J., and YAWN, T.A., Associate Judge, concur.
NOTES
[1] Rule 1.350(a) RCP states that discovery may be made of objects or documents that constitute or contain matters within the scope of Rule 1.280(b), which latter rule in turn provides that unless otherwise limited by order of the court in accordance with the rules of procedure, the scope of discovery may include, in addition to matter relevant to the subject matter of the pending action, information which appears reasonably calculated to lead to the discovery of admissible evidence, although such discovered material may be itself inadmissible at the trial.
[2] Fla.App.1st 1971, 251 So.2d 899.
[3] Meiklejohn v. American Distributors, Inc., Fla.App.1st 1968, 210 So.2d 259.
[4] Sligar v. Tucker, Fla.App.4th 1972, 267 So.2d 54 and Grand Union Co. v. Patrick, Fla.App.3rd 1971, 247 So.2d 474.