335 So.2d 620 (1976)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Robert SHUPACK, Respondent.
No. 76-44.
District Court of Appeal of Florida, Third District.
July 27, 1976.
Papy, Levy, Carruthers & Poole and Steven J. Cohen, Coral Gables, for petitioner.
Harold M. Braxton, Miami, for respondent.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
*621 PEARSON, Judge.
We have been presented with a petition for certiorari to review two orders of the circuit court in an action by the respondent, Robert Shupack, against his own insurance company. The first order denied the petitioner Allstate Insurance Company's motion to strike two counts of the plaintiff's complaint. The first count with which we are here concerned in count 2, which claims punitive damage upon the ground that Allstate Insurance Company showed bad faith in the non-payment of no-fault benefits. Count 3 claimed damages for libel because the petitioner had answered an interrogatory propounded by the respondent by referring to matters which indicated that the respondent was intoxicated at the time of the accident.
Petitioner's motion to strike these two counts was, in effect, a motion to dismiss the counts as having no legal basis in the law. We do not ordinarily review by certiorari an order denying a motion to dismiss a complaint. See the rule in Pullman Co. v. Fleishel, Fla.App. 1958, 101 So.2d 188. We, therefore, decline at this time to review the denial of petitioner's motion to strike the count of the complaint claiming punitive damages for failure to pay the claim for no-fault benefits under the policy issued by the petitioner.
Count 3 makes a claim grounded in libel seeking damages for matters contained in an answer to an interrogatory. Such a claim is so clearly barred by the decided cases that we have decided it is a departure from the essential requirements of the law. We, therefore, grant certiorari and quash that portion of the court's order which denied the motion to strike the claim of damages for libel. See Taylor v. Alropa Corporation, 138 Fla. 137, 189 So. 230 (1939).
The second order on which petitioner seeks a review is an order requiring the production of the insurance adjustor's file, including all correspondence between the insurance company and its attorneys. Orders on discovery are properly reviewed upon petition for certiorari where the order is a clear departure from the essential requirements of law. See Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 545 (1942). In the instance now before us, the record reveals that the merits of respondent's claim for uninsured motorist benefits under his policy have not been determined and are now in the process of arbitration. We hold that until the merits of respondent's claim to benefits have been determined, it is a departure from the essential requirements of law to require petitioner to produce its entire file and all correspondence with its attorneys relative to the claim. See Keir v. State, 152 Fla. 389, 11 So.2d 886 (1943). We, therefore, quash the order requiring the production of the adjustor's file and the correspondence of the petitioner with its attorneys with the express provision that a motion for discovery of these matters may be made pursuant to respondent's bad faith claim at such times as the merits of the uninsured motorist claim have been determined.
Accordingly, the orders reviewed are quashed in part, as above set forth, and certiorari is denied as to all other portions thereof.
It is so ordered.