**William P. CONGROVE, Plaintiff,**

v.

**ST. LOUIS–SAN FRANCISCO RAIL-WAY COMPANY, Defendant.**

**No. 76–CV–547–W–4.**

United States District Court, W. D. Missouri, W. D.

Feb. 15, 1978.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Thomas E. Deacy, Jr., Donald C. Bollard, III, Kansas City, Mo., for defendant; Deacy & Deacy, Kansas City, Mo., of counsel.

OPINION AND ORDER DENYING DE-
FENDANT'S MOTION TO QUASH
SUBPOENA AND FOR PROTEC-
TIVE ORDER

ELMO B. HUNTER, District Judge.

On January 27, 1978, plaintiff filed with the Court his Notice of Deposition Upon Oral Examination, wherein he noticed up the deposition of Dr. V. W. Hollo, M.D., for Thursday, February 16, 1978. On February 9, 1978, defendant filed its Motion to Quash and for Protective Order, asking, inter alia, that this Court quash the subpoena served on Dr. Hollo. On February 10, 1978, plaintiff filed his Response in Opposition thereto.

While many issues were raised in defendant's February 9, 1978 motion, the parties, in a conference with the Court held on February 14, 1978, advised the Court that only one issue remained to be resolved by the Court: Whether Rule 26(b)(4)(C), F.R. Civ.P., requires plaintiff or his counsel to pay Dr. Hollo an expert's witness fee prior to the taking of his deposition. That issue will now be addressed.

Rule 26(b)(4)(C) provides:

"Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

Rule 26(b)(4), however, deals only with "[d]iscovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule *and acquired or developed in anticipation of litigation or for trial . . ."* [1] As stated in *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 332 (D.R.I.1976):

"The very inclusion of the words 'trial preparation' in the heading of subsection (b)(4) indicates that discovery of experts is to be limited only insofar as the information sought was obtained for the very purpose of preparing for the litigation in question."

This conclusion is reinforced by the Advisory Committee's Notes to the 1970 amendments to Rule 26. At 48 F.R.D. 503, the Committee stated:

"It should be noted that the subdivision [26(b)(4)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness."

Defendant does not contend that Dr. Hollo developed his expert opinions relevant to this suit "in anticipation of litigation or for trial." In fact, defendant's motion indicates that, on the contrary, Dr. Hollo's value as an expert witness stems from his being "an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." Advisory Committee's Notes, 48 F.R.D. 487, 503.[2]

---

1. Emphasis added.

2. Defendant, in paragraph 7 of its Motion, states: "Dr. Hollo is chief medical consultant to defendant railway company but is not an employee thereof; that his identity has been revealed to plaintiff's counsel by way of interrogatories as a person instrumental in making the medical judgments and formulating policies regarding medical qualifications of employees and prospective employees, and as a person who made medical judgment in connection with the suit in issue . . ."

Because defendant does not contend that Dr. Hollo holds opinions "acquired or developed in anticipation of litigation or for trial," and because all other issues raised by defendant in its motion have been disposed of by agreement between the parties and are thus rendered moot, defendant's Motion to Quash and for Protective Order is hereby denied.[3]

IT IS SO ORDERED.

3. Because plaintiff is not being required to pay Dr. Hollo an expert's witness fee pursuant to Rule 26(b), he may not, of course, in deposing Dr. Hollo, discover facts and opinions "acquired or developed [by Dr. Hollo] in anticipation of litigation or for trial . . ." should it be found, during the deposition, that Dr. Hollo acquired or developed any such facts or opinions in such a manner.