**LEVIATHAN, INC., Plaintiff,**

v.

**M/S ALASKA MARU, and Mitsui O.S.K. Lines, Ltd., a Foreign Corporation, Defendants.**

**No. C79–1345B.**

United States District Court, W. D. Washington.

Nov. 26, 1979.

Edward C. Biele and William H. Wagner of Bogle & Gates, Seattle, Wash., for plaintiff.

Richard W. Buchanan of LeGros, Buchanan, Paul & Madden, Seattle, Wash., for defendants.

## ORDER COMPELLING DISCOVERY

BEEKS, District Judge.

This action involves a collision between the M/S ALASKA MARU and F/V LEVIATHAN on August 30, 1979.

At the time of the collision, ALASKA MARU's crew thought that only a close encounter had occurred between the vessels, and, therefore, continued on to Portland, Oregon, without stopping. After reaching Portland, the master, Captain Ueda, conducted an investigation and made a written report to defendant Mitsui O.S.K. Lines, Ltd., concerning the incident.

Plaintiff did not discover the identity of the other vessel involved in the collision until November, 1979, and commenced this action shortly thereafter.

After learning of it's existence, plaintiff requested production of Captain Ueda's report pursuant to Rule 34(a) of the Federal Rules of Civil Procedure. Defendant, however, refused to produce the document on the grounds that the document was either prepared in anticipation of litigation, Rule 26(b)(3), or contained the opinions of an expert witness. Rule 26(b)(4). Plaintiff now moves for an order compelling production of said document.

Captain Ueda was serving as master at the time of the collision. He is not an expert retained or specially employed by the party in preparation for trial. If defendant could classify Captain Ueda as an expert and, thus, avoid producing the report, then the master of any vessel could be so classified.

Likewise, a report made by a master to his employer concerning an alleged collision, made several months before any notice of claim, is not made in anticipation of litigation within the meaning of Rule 26(b)(3).

Accordingly, plaintiff's motion to compel production of the report is granted, and the document shall be produced on or before March 28, 1980.