James I. DYAR and Modenia R. Dyar, Plaintiffs,

v.

FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant.

No. 78–0842.

United States District Court, N. D. Florida, Tallahassee Division.

Aug. 20, 1980.

**696**

Louis K. Rosenbloum, Pensacola, Fla., J. Ben Watkins, Apalachicola, Fla., for plaintiffs.

John W. Bussey, III, Orlando, Fla., for defendant.

## SUMMARY FINAL JUDGMENT

HIGBY, District Judge.

This case evolves from the fiery destruction on May 23, 1976, of a honey processing plant and travel trailer owned by the Plaintiffs in the metropolis of Sumatra, Florida. Several factors, not the least of which were the facts that the fire was of incendiary origin and the policies were only days in existence, led the Defendant to conclude that the Plaintiffs might have had a hand in the conflagration. Satisfied that the blaze certainly did not ensue from the friction caused by the Plaintiffs' note and mortgage rubbing against the Defendant's policies, Florida Farm Bureau vigorously denied and energetically defended the Plaintiffs' claim through two jury trials in the State Circuit Court and the First District Court of Appeal for the State of Florida.

During the litigation, some, if not all, of the activities of the Defendant, its agents and attorneys so displeased the Plaintiffs that following payment of the resisted claims by the Defendant, the Plaintiffs filed this suit claiming that they were: (a) libeled, (b) slandered, and (c) caused severe mental or emotional distress that was intentionally inflicted by the Defendant.

When confronted with the Defendant's Motion for Summary Judgment, the Plaintiffs' attorney conceded with commendable candor that his clients' claim for libel was untenable and, indeed, that the alleged slanderous remarks made by Defendant's then defense counsel were probably absolutely privileged. When offered the opportunity to prove otherwise, following hearing on the Defendant's Motion for Summary Judgment, nothing was presented for me to conclude that the remarks, if any, were made anywhere other than during the course of the trial of the cause or at the taking of depositions in connection therewith. *See, Taylor v. Alropa Corp.*, 138 Fla. 137, 189 So. 230 (1939); *Ange v. State*, 98 Fla. 538, 123 So. 916 (1929); *Myers v. Hodges*, 53 Fla. 197, 44 So. 357 (1907); and, more recently, the case of *Sussman v. Damian*, 355 So.2d 809 (Fla. 3d D.C.A. 1977).

The Plaintiffs' claim of infliction of severe emotional distress by the Defendant may be disposed of with the same ease by which their claims of libel and slander were dispatched.

### The Tort of Outrage

All of the Florida law on this subject has recently been collected by Judge Cobb of Florida's newly created Fifth District Court of Appeal in the case of *Food Fair, Inc. v. Anderson*, 382 So.2d 150 (Fla. 5th D.C.A. 1980). The Defendant maintains that Florida courts do not recognize this tort in the context of the parties as they were cast here.

We know from the outset, of course, that there is no fiduciary relationship between the warriors which would give rise to a claim for "bad faith" in the handling of the Plaintiffs' claim. *Baxter v. Royal Indemnity Co.*, 285 So.2d 652 (Fla. 1st D.C.A. 1973), *cert. discharged*, 317 So.2d 725 (Fla. 1975). But the adversarial relationship alone does not preclude the possibility that the Defendant could not act "outrageously" toward the Plaintiffs, thereby inflicting the emotional distress of which the Plaintiffs complained.

The egregious conduct on the part of the Defendant which has incensed the Plaintiffs is the attempt of one of the Defendant's agents to, as characterized by the Plaintiffs' counsel, "bribe" a witness in the state court proceedings. As might be expected, this allegation was made the subject of inquiry to ascertain whether a contempt of the state court had transpired. It was found that no probable cause existed to believe that such had occurred.

More importantly, however, and without dispute, the conduct complained of did not take place in the presence of the Plaintiffs and they only learned of it thereafter through their attorney. Assuming, as I must, that the courts of Florida recognize the interest in freedom from emotional distress as expressed in Section 46 of the Restatement of the Law of Torts, I now must determine whether the communique to Phillip Hill, Sr., by Mr. Whitfield rises to the level of an actionable wrong. There is little doubt that in this case it does not. Section 46 of the American Law Institute Restatement of the Law of Torts provides:

§ 46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm.

One need only read paragraph (2) quoted above to see that Whitfield's overtures, assuming they were briberous, were not directed to either Plaintiffs or any member of the Plaintiffs' immediate family who was present at the time.

Stated differently, while one might characterize Whitfield's activities as reprehensible, despicable, or even in bad taste, his actions do not permit the Plaintiffs to again thrust their hand into the Defendant's pocketbook.

Consequently and for fear that this writing will be longer than need be, the motion of the Defendant for summary judgment is granted. The Clerk is directed to enter judgment for the Defendant, with costs to be borne by the Plaintiffs.