392 So.2d 1002 (1981)
GOLD COAST RACEWAY, INC., a Florida Corporation, Petitioner,
v.
Howard EHRENFELD and Monica Ehrenfeld, Respondents.
No. 80-1202.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Lawrence Bernard, Jacksonville, and Allan L. Hoffman, West Palm Beach, for petitioner.
Robert E. Gordon of Farish & Farish, West Palm Beach, for respondents.
HERSEY, Judge.
We have for review by petition for writ of certiorari a protective order issued by the lower tribunal significantly limiting discovery.
At issue in the case pending in the circuit court is the validity of a written lease alleged by respondent lessor to be unenforceable because of failure of consideration in that a rental payment was not made. Petitioner, on the other hand, has alleged timely tender to respondent's attorney of the rental payment in question.
Petitioner's attempts to take discovery on this issue, first by deposition of respondents' counsel and subsequently by deposition upon written questions submitted to him proved futile. Ultimately, counsel for respondent, relying on the defenses of "attorney-client privilege" and "settlement negotiations" obtained a protective order effectively insulating the issue of the purported tender of payment from further discovery.
We have held that certiorari is a permissible method of seeking review of orders involving discovery under appropriate circumstances. Murray Van and Storage, Inc. v. Murray, 343 So.2d 61 (Fla.4th DCA 1977).
Respondent relies upon the attorney-client privilege as shielding from discovery matters within his own particular knowledge pertaining to a payment allegedly made to him for his client. As the court said in Silverman v. Turner, 188 So.2d 354 (Fla.3d DCA 1966), followed by this Court in Mogul v. Fodiman, 315 So.2d 108 (Fla.4th DCA 1975):
[W]here the attorney acts in any other capacity than as an attorney, such as a depository, or trustee, the attorney-client *1003 relationship does not obtain, and that the subject matter must relate to the subject matter of the attorney's employment. See: Tillotson v. Boughner, N.D.Ill. 1965, 238 F. Supp. 621.
We think that rule applies here. We further determine that the protective order "does not conform to the essential requirements of law and to proceed without immediate review may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal is inadequate." Chalfonte Development Corporation v. Beaudoin, 370 So.2d 58, 59 (Fla.4th DCA 1979).
The petition for writ of certiorari is granted; the protective order is quashed; and the cause is remanded for further proceedings.
MOORE and BERANEK, JJ., concur.