404 So.2d 863 (1981)
UNITED STATES FIDELITY & GUARANTY COMPANY, et al., Petitioners,
v.
Mary GRAHAM, etc., et al., Respondents.
CALDWELL-SCOTT CONSTRUCTION COMPANY, INC., Petitioner,
v.
Mary GRAHAM, Respondent.
Nos. 81-1200, 81-1202.
District Court of Appeal of Florida, Fourth District.
October 21, 1981.
Steven F. Billing of Hainline, Billing & Cochran, P.A., Clifford B. Selwood, Jr., of Carey, Dwyer, Cole, Selwood & Bernard, P.A., and Nancy Little Hoffmann, Fort Lauderdale, for petitioners, USF&G, Vander Linde and Jackson.
Nancy Schleifer of Peters, Pickle, Flynn, Nieomoeller, Stieglitz & Downs, Miami, for petitioner, Caldwell-Scott Const. Co., Inc.
M. Daniel Huges and E. Hugh Chappell, Jr., of Chappell, Brandt & Gore, P.A., Fort Lauderdale, for respondent, Graham.
*864 BERANEK, Judge.
The defendants in a wrongful death action brought by Mary Graham, personal representative of the estate of Moultrie Graham, filed these consolidated petitions for common law certiorari relating to a pretrial discovery matter. Prior to trial, the defendants alleged that a settlement agreement had been reached between the defendants and the plaintiff, and filed a "Motion to Enforce Settlement Agreement or, in the alternative, to Enter Judgment in accordance with the Settlement Agreement." The trial court scheduled a hearing on the defendants' motions to compel settlement prior to trial and each defendant sought to depose the plaintiff, her former lawyer, and another lawyer representing certain beneficiaries of the estate. The announced purpose of these depositions and other attempts at discovery has been to determine counsels' authority to settle the case. The trial court denied the defendants' motions to compel discovery based on attorney/client privilege. We are asked to review this order by certiorari.
In seeking to invoke the certiorari jurisdiction of this court, petitioners rely on Gold Coast Raceway, Inc. v. Ehrenfeld, 392 So.2d 1002 (Fla. 4th DCA 1981) and Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). The requirements for certiorari review have oft been stated. There must be a departure from the essential requirements of law which will cause material injury that cannot be rectified on plenary appeal. The rationale for denying certiorari, except under such extreme circumstances, has been set out in Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); and Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). These authorities clearly indicate that the time, trouble, and expense of going through an unnecessary trial are not the kind of material injuries which are sufficient to justify invocation of a district court's certiorari jurisdiction.
Here, we are faced with a discovery problem within a controversy which is separate and distinct from the main action. If the trial court grants the motion to compel settlement and enters a final judgment in accordance with the settlement agreement, there will be no trial on the merits, and the judgment will obviously be subject to immediate plenary appeal. On the other hand, if the court hears the motion to compel settlement, with or without the evidence in controversy, and denies the motion, the trial on the merits will proceed and result in a final judgment subject to appeal. We do not believe a trial court's order denying a pretrial motion to compel settlement would be subject to interlocutory or certiorari review. Such an order is certainly not within the class of orders subject to interlocutory appeal under Florida Rule of Appellate Procedure 9.130. Further, it would not seem subject to certiorari review since the injury caused would, once again, be the necessity of going through an unnecessary trial.
We are thus convinced that defendants have failed to demonstrate a jurisdictional basis for review at this time. If an order denying a motion to compel settlement would not be subject to interlocutory or certiorari review, the discovery order within said controversy is likewise not now subject to review. We caution that this is a jurisdictional ruling only and that the question of whether the attorney/client privilege bars discovery of the matters in question is in no way determined by this opinion. The order of the trial court denying defendants' motion to compel discovery may still be reviewed on appeal from an adverse final judgment if such eventually occurs.
We hereby recede from Gold Coast Raceway, Inc. v. Ehrenfeld, supra, to the extent that it authorizes certiorari review without a demonstration of material injury not remediable by appeal after final judgment. We further certify that our present decision is in conflict of the decision of the Fifth District Court of Appeal in Travelers Indemnity Co. v. Hill, supra. The petitions for common law certiorari are hereby denied.
DOWNEY and GLICKSTEIN, JJ., concur.