407 So.2d 283 (1981)
Leonard FRANTZ, D.D.S., Petitioner,
v.
Carol Jean GOLEBIEWSKI, Respondent.
No. 81-1643.
District Court of Appeal of Florida, Third District.
December 8, 1981.
*284 Carey, Dwyer, Cole, Selwood & Bernard and Michael C. Spring, Miami, for petitioner.
Bartel & Shuford and Mark Kamilar, Miami, for respondent.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
This petition for common law certiorari presents the question of whether discovery of the testimony of a personal injury-plaintiff's treating physician is controlled by Fla. R.Civ.P. 1.280(b)(3), the so-called expert witness-discovery rule. We hold that it is not and therefore quash the orders under review which reflect the trial judge's contrary determination.
The respondent, Carol Golebiewski, was allegedly negligently treated by an orthodontist, Dr. Frantz. Subsequently, she selected and was treated for those injuries by another dentist, Dr. Peter Rubelman. After she brought a dental malpractice action against Dr. Frantz, the defendant's attorneys  without notice to the plaintiff  took a sworn court reporter's statement from Dr. Rubelman. When this was discovered, the plaintiff moved, and the trial court ordered that the statement be provided to Ms. Golebiewski's attorney. Frantz's lawyer refused, whereupon the trial judge fined the defendant $150.00;[1] ordered that the statement not be used for any purpose, including impeachment, during the litigation; and required notice to the opposition prior to taking any recorded statement of other treating physicians. In our view, these discovery orders represent a departure from the essential requirements of the law and are effectively unreviewable on appeal from a future final judgment. Hence, certiorari is granted. E.g., Allstate Ins. Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. dismissed, 354 So.2d 980 (Fla. 1977); Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla.3d DCA 1976).
It is conceded that the actions of the defendant, both past and proposed, were entirely proper if Dr. Rubelman is correctly treated as a run-of-the-mill eye, ear, or other witness to the events which are the subject of the pending litigation. Counsel are free to speak to and record the statements of any such witness who is willing to make them.[2] The plaintiff successfully contended *285 below, however, that a physician is not an ordinary but an expert witness to whom different rules apply. In support of that proposition she relies upon Fla.R.Civ.P. 1.280(b)(3), the introductory paragraph of which states:
Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows [e.s.][3]
This rule does not apply to this situation. As it specifically says, it concerns not all "information and opinions held by experts," but only those "acquired and developed in anticipation of litigation or for trial," as in the case of an expert retained by counsel. Zuberbuhler v. Division of Administration, State Department of Transportation, 344 So.2d 1304 (Fla.2d DCA 1977), cert. denied, 358 So.2d 135 (Fla. 1978); see generally, Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). In contrast to an "examining physician," who falls within this latter category, a treating doctor like Rubelman, while unquestionably an expert, does not acquire his expert knowledge for the purpose of litigation but rather simply in the course of attempting to make his patient well. See generally, Marine Exploration Co. v. McCoy, 308 So.2d 43 (Fla.3d DCA 1975); Marshall v. Papineau, 132 So.2d 786 (Fla. 1st DCA 1961). Just this distinction was drawn in the Advisory Committee's explanatory statement concerning Federal Rule 26(b)(4), which is identical to Fla.R. Civ.P. 1.280(b)(3).[4]
It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.
48 F.R.D. 487, 503 (1970). It seems clear that Dr. Rubelman and any other practitioner who has treated the plaintiff is just such an "actor" in the case and "viewer" of her condition who is to be "treated as an ordinary witness." See, Leviathan, Inc. v. M/S Alaska Maru, 86 F.R.D. 8 (W.D.Wash. *286 1979); Barkwell v. Sturm Ruger Co., 79 F.R.D. 444 (D.Alaska 1978); Harasimowicz v. McAllister, 78 F.R.D. 319 (E.D.Pa. 1978); Congrove v. St. Louis-San Francisco R.R., 77 F.R.D. 503 (W.D.Mo. 1978); Norfin, Inc. v. International Business Machines Corp., 74 F.R.D. 529 (D.Colo. 1977); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2033 (1970); 4 Moore's Federal Practice § 26.66[2] (2d ed. 1981); see and compare, Tahoe Ins. Co. v. Morrison-Knudsen Co., 84 F.R.D. 362 (D. Idaho 1979) (discovery from members of expert panels retained to investigate dam collapse subject to Rule 26(b)(4) as to expert opinions formulated from expertise acquired from panel service, but not as to firsthand observations and knowledge of "nature of the art" preceding incident.)
As has been noted, it follows from this conclusion that the defendant was and is not required to give notice of the taking of written statements of the witnesses in question, could not properly have been restricted in the use of Dr. Rubelman's, and was not required to produce it to the plaintiff. As a simple "ordinary" witness statement, it was a part of the defendant's work product protected from discovery in the absence of a showing  obviously not made here  that the plaintiff is unable to secure its equivalent without undue hardship. Fla.R.Civ.P. 1.280(b)(2); Atlantic Coast Line R.R. v. Allen, 40 So.2d 115 (Fla. 1949); Transamerica Ins. Co. v. Maze, 318 So.2d 200 (Fla. 2d DCA 1975); see generally, Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970).
For these reasons, the petition is granted and the orders of June 29 and July 17, 1981 are quashed.
Certiorari granted.
NOTES
[1] Avowedly pursuant to Fla.R.Civ.P. 1.280 and 1.380.
[2] Nor is there any Florida physician-patient (or dentist-patient) privilege which would preclude such contact because of the witness' professional relationship with the plaintiff. Morrison v. Malmquist, 62 So.2d 415 (Fla. 1953); Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911 (1938); Fidelity and Casualty Co. of New York v. Lopez, 375 So.2d 59 (Fla. 4th DCA 1979); compare Sec. 90.503, Fla. Stat. (1979) (psychotherapist-patient privilege).

On the other hand, no witness is obliged voluntarily to speak to counsel. As a practical matter, medical professionals almost invariably insist  as every witness has the right to do  upon a formal deposition and the payment of an appropriate witness fee before giving a statement to the party adverse to his patient. It is very likely that the present issue arose in this case either because Dr. Rubelman is a dentist presumably unfamiliar with the norms of conduct in these matters or because of the nature of the underlying litigation. Were this an automobile accident case and the doctor an orthopod or a neurologist, the parties would almost certainly not be here.
[3] The remainder of Rule 1.280(b)(3) is as follows:

(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions pursuant to subdivision (b)(3)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(3)(A) and (b)(3)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(3)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(3)(B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
[4] Interpretations of the federal rule are persuasive in considering its Florida equivalent. Zuberbuhler v. Division of Administration, State Department of Transportation, supra (citing federal authority, including Advisory Committee notes, concerning Federal Rule 26(b)(4) in analysis of Fla.R.Civ.P. 1.280(b)(3)). See also, e.g., Pearlman v. Pearlman, 405 So.2d 764 (Fla.3d DCA 1981), and cases cited.