416 So.2d 4 (1982)
YOUNG, STERN & TANNENBAUM, P.A., a Florida Professional Association, Petitioner,
v.
Gerald SMITH, Respondent.
No. 81-1511.
District Court of Appeal of Florida, Third District.
June 1, 1982.
Rehearing Denied July 21, 1982.
*5 Young, Stern & Tannenbaum and Glen Rafkin, North Miami Beach, for petitioner.
Robert A. Geiss, Miami, for respondent.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
PER CURIAM.
Petitioner seeks common law certiorari as authorized pursuant to Florida Rule of Appellate Procedure 9.100(c) to quash a protective order shielding the defendant's counsel of record from deposition. The protective order was granted on the basis that there was an attorney/client privilege with respect to a written settlement agreement in the underlying law suit. We grant certiorari and quash the protective order.
Common law certiorari may be granted if there has been a departure from the essential requirements of law in such a way as to cause a material injury throughout the proceedings that cannot be adequately remedied by appeal. Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981); Travelers Indemnity Company v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980); Allstate Insurance Company v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976). The order entered by the trial court precludes the taking of any deposition of Robert A. Geiss, defendant's attorney. Such an order, under these circumstances, is overly broad and departs from the essential requirements of law. Frantz, Travelers, Allstate, supra. Only those communications which actually fall under the attorney/client privilege are protected. Seeba v. Bowden, 86 So.2d 432, 434 (Fla. 1956); Gold Coast Raceway, Inc. v. Ehrenfeld, 392 So.2d 1002 (Fla. 4th DCA 1981); Section 90.502(4)(d), Florida Statutes (1979).
We are cognizant of the conflict on this issue. The Fourth District receded from Gold Coast Raceway, Inc. v. Ehrenfeld, supra, in United States Fidelity & Guaranty Company v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981) and certified a conflict with the Fifth District's holding in Travelers, supra. We believe that Gold Coast was correctly decided and reject the rationale of Graham, supra. We recognize that our decision today is in direct conflict with United States Fidelity & Guaranty Company v. Graham, supra.
The petition for writ of certiorari is granted; the protective order is quashed; and the cause is remanded for further proceedings.
NESBITT, Judge (dissenting):
The circumstances surrounding the taking of the attorney's deposition in this case so closely parallel those present in United States Fidelity and Guaranty Company v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981) that for the reasons expressed [therein], I would hold that there is a lack of showing of a material injury not remediable by way of plenary appeal. Additionally, an order protecting the attorney-client privilege, as opposed to an order denying the privilege, does not constitute a departure from the essential requirements of law. Consequently, I would deny certiorari.