425 So.2d 156 (1983)
Melvin ESMAN, As Personal Representative of the Estate of Leslie Ann Esman, Deceased, Petitioner,
v.
BOARD OF REGENTS OF the STATE OF FLORIDA, D/B/a Shands Teaching Hospital & Clinics and J. Hillis Miller Health Center, and Pat Smith, Respondents.
No. AM-340.
District Court of Appeal of Florida, First District.
January 5, 1983.
Patrick H. Perry, Avera & Stripling, Gainesville, for petitioner.
Lauchlin T. Waldoch, Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, for respondents.
PER CURIAM.
The plaintiff in this wrongful death action seeks review, by certiorari, of the trial court's order denying the plaintiff's discovery request. The trial court refused discovery on the grounds that the material sought[1] was protected by the work product *157 privilege, and further, that the material did not constitute "public records" within the contemplation of Chapter 119, Florida Statutes (1981), "Public Records Law." We issued a show cause order.
Upon further consideration of the petition, the response, and petitioner's reply, we conclude that the trial court's interlocutory ruling denying discovery does not furnish the occasion for this court's intervention through the use of the extraordinary writ. The rule is well-established, as stated in West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975), that interlocutory orders rendered in connection with discovery proceedings may be reviewed by common law certiorari when it is demonstrated that the order complained of was rendered by the court in excess of its jurisdiction, or that the order does not conform to the essential requirements of the law and may cause material injury through subsequent proceedings for which the remedy by appeal will be inadequate. Id. at 636. The denial of discovery in the present case does not meet this test. See, United States Fidelity & Guaranty Company v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981). But, Cf., Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980).[2]
Upon jurisdictional grounds, the petition for common law certiorari is hereby denied.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Plaintiffs sought production of a tape recorded conversation held the day after the surgical procedure which purportedly lead to the patient's death, consisting of conversations between the individual defendant, the anesthesiologist, other medical personnel, and an agent of the respondents' insurer. In support of their work product defense, the insurer's agent testified that the conferences were held at the request of the insurer as a part of its initial investigation of an incident having claim potential, and for the express purpose of use by defense counsel in preparation for anticipated litigation. Vann v. State, 85 So.2d 133 (Fla. 1956); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972); Alachua General Hospital, Inc. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981). Respondents maintain, among other things, that there is no work product exception under Chapter 119, or, even if one exists, the plaintiff has not met the requirements of Rule 1.280(b)(2), Florida Rules of Civil Procedure, by an adequate showing of need and inability to obtain the information sought by other means.
[2] Unlike the Fourth District, per its opinion in United States Fidelity & Guaranty Company v. Graham, supra, we do not find that our decision conflicts with that of the Fifth District in Travelers Indemnity Co. v. Hill, supra.