459 So.2d 384 (1984)
James John MARSHALL, Petitioner,
v.
Marilyn A. ANDERSON, Franciscus Huijing, Barry V. McCleary, Douglas W. Ribbons, Richard Richardson, Eric E. Smith, Rudolph Werner, William J. Whelan and Keith Brew, Respondents.
No. 84-1806.
District Court of Appeal of Florida, Third District.
November 6, 1984.
Rehearing Denied December 17, 1984.
*385 Stern & Kneski and Peter Kneski, Miami, for petitioner.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for respondents.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The petitioner Marshall, a teacher at the University of Miami who was denied tenure, brought a defamation action against several then-colleagues for allegedly slanderous statements uttered during a meeting of the tenured faculty concerning his academic status. The trial court precluded discovery as to the identity of the speakers and the content of their remarks based upon the "academic testimonial privilege" recognized in EEOC v. University of Notre Dame Du Lac, 715 F.2d 331 (7th Cir.1983),[1],[2] and Marshall now seeks review by petition for writ of certiorari.
The order adversely pervades the entire subsequent conduct of the cause in that it renders it virtually impossible for the plaintiff even to determine the basic elements of his cause of action  that is, who said what to whom about him. For that reason, unlike the ordinary situation in which discovery is denied rather than required, see Industrial Tractor Co. v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984), but as in Young, Stern & Tannenbaum, P.A. v. Smith, 416 So.2d 4 (Fla. 3d DCA 1982), which also concerned a claim of testimonial privilege, the order below satisfies the first prong of the test for the availability of review by certiorari: that the injury caused by the particular interlocutory ruling is such that eventual review by appeal would be inadequate to undo the harm. *386 E.g., Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981); United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), pet. for rev. dismissed, 419 So.2d 1201 (Fla. 1982). Since we conclude that the result is a departure from the essential requirements of the law, thus meeting the second prong, we quash the order under review.
The parties have extensively and ably argued the issues of whether the EEOC view[3] that an academic testimonial privilege should be recognized in some circumstances is the correct one, and, assuming it is, whether it is nevertheless inappropriate in this case either because it is inapplicable to any defamation action[4] or because it should not be applied to this particular one to foreclose discovery into the very heart of the asserted claim.[5] We must resolve this case, however, without responding to any of these provocative questions because, even were we arguendo convinced of its general rectitude and particular applicability, we are simply not empowered judicially to adopt any such privilege. Directly unlike the federal courts, which under Rule 501 of the Federal Rules of Evidence[6] are granted "the flexibility to develop rules of privilege on a case-by-case basis ... and to leave the door open to change," Trammel v. United States, 445 U.S. 40, 47, 100 S.Ct. 906, 910, 63 L.Ed.2d 186 (1980), the courts of Florida are statutorily forbidden to do so. The Florida Evidence Code, Section 90.501, Florida Statutes (1981), didactically states:
90.501 Privileges recognized only as provided
Except as otherwise provided by this chapter, any other statute, or the Constitution of the United States or of the State of Florida, no person in a legal proceeding has a privilege to:
(1) Refuse to be a witness.
(2) Refuse to disclose any matter.
(3) Refuse to produce any object or writing.
(4) Prevent another from being a witness, from disclosing any matter, or from producing any object or writing.[7]
*387 The Law Revision Council Note to this provision points out what is anyway obvious:
This section abolishes all common-law privileges existing in Florida and makes the creation of privileges dependent upon legislative action or pursuant to the Supreme Court's rule-making power.
No statute creates an "academic privilege." See Coralluzzo v. Fass, 450 So.2d 858 (Fla. 1984) (no physician-patient privilege in absence of statute); compare Holly v. Auld, 450 So.2d 217 (Fla. 1984) (applying statutory medical peer review committee privilege). Moreover, neither the rationale of EEOC  which, like all common law decisions, is based under Rule 501 upon considerations of the wisdom of the result as a matter of sound public or legal policy as perceived by the judges who must reach it  nor any reason urged or which we can discover for its creation is founded upon a provision of the United States or Florida Constitution. See Shevin v. Byron, Harless, Schaffer, Reid and Assoc., Inc., 379 So.2d 633 (Fla. 1980). Since neither of the grounds exclusively permitted under section 90.501 thus exists, the testimonial privilege enforced below may not, as a matter of law and under any circumstances, be recognized in our state.
Certiorari granted.
NOTES
[1] "[W]e recognize in this case a qualified academic freedom privilege protecting academic institutions against disclosure of the names and identities of person participating in the peer review process thereby reaffirming long-standing policies of academic institutions." [footnote omitted] 715 F.2d at 337. Contra In re Dinnan, 661 F.2d 426 (5th Cir.1981), cert. denied, 457 U.S. 1106, 102 S.Ct. 2904, 73 L.Ed.2d 1314 (1982).
[2] The supposed testimonial privilege presents an entirely separate issue from the substantive conditional privilege which attaches to the defendants' statements as ones made by persons with an interest or duty in the subject matter  that is, whether Marshall should be granted tenure  to others having a corresponding interest or duty. E.g., Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981); Belcher v. Schilling, 349 So.2d 185 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (Fla. 1978).
[3] Accord McKillop v. Regents of the University of California, 386 F. Supp. 1270 (N.D.Cal. 1975); Zaustinsky v. University of California, 96 F.R.D. 622 (N.D.Cal. 1983); contra In re Dinnan, supra; but cf. generally, In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 816, 817 (11th Cir.1984) (no parent-child testimonial privilege; "`[p]rivileges against forced disclosure' are `exceptions to the demand for every man's evidence' and are `not lightly created nor expansively construed, for they are in derogation of the search for truth.' United States v. Nixon, 418 U.S. 683, 709-10, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).").
[4] In EEOC, which involved a claim by the Equal Employment Opportunity Commission against a university that the school had denied tenure for invalidly discriminatory reasons, the court stated its holding as one which recognized the privilege "in the context of challenges to college or university tenure decisions." 715 F.2d at 337. The present proceeding does not challenge the University of Miami's decision to deny tenure but rather seeks damages against named individuals for defaming him in the course of that process.
[5] EEOC recognizes that the privilege it established gives way to a showing of a "`particularized need' for relevant information," 715 F.2d at 338; see Gray v. Board of Higher Education, City of New York, 692 F.2d 901 (2d Cir.1982) (recognizing academic privilege but holding plaintiff's need for information outweighed college's interest in confidentiality); see generally, Herbert v. Lando, 441 U.S. 153, 169, 99 S.Ct. 1635, 1645, 60 L.Ed.2d 115 (1979); Dade County Medical Association v. Hlis, 372 So.2d 117, 121 (Fla. 3d DCA 1979) ("Many, probably most, discovery questions may be decided by a proper balancing of the competing interests to be served by granting discovery or by denying it.").
[6] Rule 501, from which EEOC specifically draws the authority for its holding, 715 F.2d at 335, provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.
[7] It should be noted that, consistent with the complete divergence between the federal rule and § 90.501, virtually the entire federal law of privilege is based upon the common law rather than either rule or statute. Thus, while the familiar attorney-client and husband-wife privileges, as well as others, were adopted by the legislature in §§ 90.502-.506, their equivalents, which were contained in Proposed Federal Rules of Evidence 503 et seq., were not approved by Congress. See discussion at 2 J. Weinstein & M. Berger, Weinstein's Evidence: Commentary on Rules of Evidence for the United States Courts and for State Courts, § 501[01] (1982).