SUAREZ, J.
Petitioners, Marbulk Shipping, Inc. (“Marbulk”), and Atlantic Marine United Partnership, Inc. (“Atlantic”), petition for writ of certiorari to review the trial court’s order allowing respondent Kashi Kant Bhagat to take the deposition of the Law Firm of Houck Anderson, which represents the petitioners in the present action. We deny the petition for writ of certiorari.
Bhagat was injured aboard a foreign flag vessel while in Bahamian waters. He was flown by air ambulance to Miami for treatment. He claims the air ambulance was arranged for by petitioners’ law firm, Houck Anderson, and therefore relates to jurisdiction. Bhagat filed a Jones Act, 46 U.S.CApp. § 688, and general maritime law claim in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Marbulk and Atlantic filed a motion to dismiss claiming a lack of personal jurisdiction, lack of subject matter jurisdiction, and forum non conveniens. Bhagat served a subpoena duces tecum on Houck Anderson based on the air ambulance contract. Bhagat’s theory is that Houck Anderson was serving as an agent for Marbulk and Atlantic when it arranged the air ambulance and, as such, was furthering the business interest of Marbulk and Atlantic in Florida. Bhagat argues the discovery goes to the issue of jurisdiction. Marbulk and Atlantic claim that the discovery requested falls within the attorney/client and work product privilege and that Bhagat failed to show undue hardship in attempting to obtain the information through other means. The trial court entered an order allowing the plaintiff to depose a representative of the law firm of Houck Anderson, for the limited purpose of discovering the nature and scope of its involvement with Marbulk and Atlantic, including contracts relating to provisions of maintenance and cure of the plaintiff in the present case for jurisdictional purposes. This petition for certiorari followed.
The issue presented is solely whether the trial court departed from the essential requirements of law by denying the motion for protective order of the taking of the law firm’s deposition. The trial court’s order does nothing more than allow for the taking of the deposition of the law firm on a narrow issue. As such, the trial court’s order does not depart from the essential requirements of law. See Young, Stern & Tannenbaum, P.A. v. Smith, 416 So.2d 4 (Fla. 3d DCA 1982) (order entered by trial court precluding any deposition of the attorney was overly broad and departed from the essential requirements of law); Herrera v. Herrera, 895 So.2d 1171 (Fla. 3d DCA 2005) (attorney-client privilege not violated where attorney testified in divorce action and was not asked about confidential communications with client).
Petition for writ of certiorari is denied.