TORPY, J.,
concurring and concurring specially.
The trial court’s ruling here answered the rather limited question framed by the lawyers. They centered their arguments on whether a so-called “treating physician” is an “expert witness,” as that phrase is contemplated under Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii). Calling treating physicians “hybrid witnesses,” the trial court ruled that they are not subject to discovery under this rule. It relied upon Frantz v. Golebiewski, 407 So.2d 283, 284 (Fla. 3d DCA 1981), which held that ex parte contact with a treating physician was not prohibited by rule 1.280’s limitation that discovery of experts be done “only” in accordance with the procedure in the rule, because a treating physician does not acquire facts and develop opinions “in anticipation of litigation or for trial.” Id. at 285 (quoting rule 1.280(b)(1)). Whether Frantz was correctly decided or applies in this situation is, in my view, largely irrelevant, because the real question is not the procedural method under which the discovery is sought but rather whether the discovery may be obtained at all. I think the answer to this question is clearly yes.
A treating physician, just as any other witness, may be questioned at trial concerning any bias he or she might have for or against a party. § 90.608(2), Fla. Stat. (2009). For example, a treating physician who devotes a substantial portion of his or her practice to expert testimony on behalf of plaintiffs might have a bias towards plaintiffs just as a retained expert, and inquiry at trial to expose that potential bias is permitted. It logically follows that pretrial discovery is permissible to uncover evidence of bias for all the same reasons that discovery on any trial issue is permitted. The extent to which discovery is permitted on this issue is a function of balancing its importance against the burden of providing the discovery. Thus, in Winn-Dixie Stores, Inc. v. Miles, 616 So.2d 1108 (Fla. 5th DCA 1993), a case not cited by either party to these proceedings, although we acknowledged the theoretical *1288 right to bias discovery of the nature sought here, we sustained a trial court’s protective order of overly burdensome bias discovery directed to a treating physician.
Elkins v. Syken, 672 So.2d 517 (Fla. 1996), did not establish the right to this pretrial discovery. It constricted the right to ameliorate the burden on expert witnesses while still permitting reasonable discovery on the issue of bias. Rule 1.280(b)(4)(A)(iii) implemented the holding in Elkins. If the rule does not apply to treating physicians, then the limitation does not apply either. Discovery of bias information is still permissible, however, with reasonable limitations to be determined by the trial judge on a case-by-case basis. Under most circumstances, it would seem that the correct balance is the same balance contained in the rule for all other experts because there is no logical distinction between treating physicians and retained experts for purposes of uncovering this type of information. The information is similarly relevant, and the burdens of producing the information are the same for all of these professionals.