PER CURIAM.
Petitioners, Allstate Insurance Company, Allstate Indemnity Company, Deer-brook Insurance Company, and North-brook Indemnity Company (hereinafter “Petitioners”), filed suit in Palm Beach circuit court seeking monetary damages from Total Rehab and Medical Centers, Inc., Prosper Diagnostic Center, Inc., and Family Medical and Rehab Centers, Inc. (hereinafter “Respondents”). During the pretrial stage, two attorneys working for Petitioners created a master summary chart (“MSC”) to be used as a trial exhibit. The MSC consisted of a combination of personal injury protection files generated by Petitioners, and medical and billing charts generated by Respondents. Over Respondents’ objection, MSC was introduced into evidence as a summary based on section 90.956, Florida Statutes (2004). However, the trial was terminated before judgment when a mistrial was declared by the trial court.
Prior to retrial, Respondents filed a motion to take the depositions of Petitioners’ attorneys who created the MSC. After conducting a hearing, the trial court granted the motion, finding that because the attorneys were “interject[ed] into this case by [their] creation of a critical trial exhibit,” Respondents were “permitted to question the accuracy and methodology used for creation of the [MSC].” From this order, Petitioners seek certiorari review, contending that the trial court’s order departed from the essential requirements of the law to the irreparable material detriment of Petitioners because deposing an opposing party’s attorney interferes with the attorney-client and work product privileges. We deny the petition on the merits.
To be entitled to a writ of certio-rari, a party must demonstrate both irreparable harm, further defined as a material injury that cannot be remedied on plenary review, and a departure from the essential requirements of the law. Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 721 (Fla.2012). We believe Petitioners have shown irreparable harm not correctable on direct appeal as the result of the trial court’s order, as the order allows for discovery potentially protected by attorney-client or work-product privileges due to questioning of the two named attorneys who created the MSC trial exhibit. See generally 1620 Health Partners, L.C., d/b/a NHC Healthcare v. Fluitt, 830 So.2d 935, 937 (Fla. 4th DCA 2002); see also The Haskell Co. v. Georgia Pac. Corp., 684 So.2d 297, 298 (Fla. 5th DCA 1996).
However, Petitioners have failed to show that the trial court’s order departed from the essential requirements of the law. While it is true that the attempt to depose *1164 a party’s attorney during ongoing litigation has been rejected when irrelevant or privileged information was sought from the attorney, attorneys are not per se exempt from the reach of Florida Rule of Civil Procedure 1.810(a), which allows the taking of the deposition of any person. See Marbulk Shipping, Inc. v. Bhagat, 948 So.2d 931, 932 (Fla. 3d DCA 2007); Somarriba v. Ali, 941 So.2d 526, 528, n. 1 (Fla. 3d DCA 2006); Young, Stern, & Tannenbaum, P.A. v. Smith, 416 So.2d 4, 5 (Fla. 3d DCA 1982). As the trial court retains authority under Rule 1.310(c)(d) to prohibit inquiry of genuinely privileged materials, we cannot say the order appealed from departs from the essential requirements of the law, a prerequisite to certiorari relief. See Marbulk Shipping, 948 So.2d at 932. Compare Northup v. Acken, 865 So.2d 1267, 1270-72 (Fla.2004) (evidence reasonably expected to be introduced at trial not protected by work product privilege).
While we recognize the potential for abuse of the process of deposing the opposing party’s attorney during ongoing litigation, we are confident trial courts in this district will use their powers of supervision over discovery to prevent privileged information from being disclosed.

Petition Denied.

WARNER, POLEN and DAMOORGIAN, JJ„ concur.