REED, Judge.
The petitioners, plaintiffs in a personal injury action, have filed in this court a petition for certiorari to review an order of the trial court preventing them from taking the depositions of three persons employed by the respondent Board of Public Instruction of Broward County, Florida. No question is raised by the respondents (the defendants below) as to the propriety of a review of this order by certiorari. Nevertheless such review is supported by the authority of Brooks v. Owen, Fla.1957, 97 So.2d 693; Dade County, etc. v. Bosch, Fla.App.1961, 133 So.2d 578; Ormond Beach First National Bank v. J. M. Montgomery Roofing Company, Inc., Fla.App. 1966, 189 So.2d 239; and Leithauser v. Harrison, Fla.App.1964, 168 So.2d 95, 97.
The petitioners as plaintiffs below filed a personal injury action against the respondent Broward County Board of Public Instruction in the Circuit Court for Brow-ard County, Florida. The complaint alleged that a school bus owned by the respondent was negligently driven into the rear of a motor vehicle which petitioner Linda S. Brennan was driving. The answer denied negligence. A pre-trial conference was held on 5 October 1970. The *464 pre-trial order did not limit the taking of depositions.
After the pre-trial conference, the petitioners served a notice of the taking of the depositions of three persons who, prior to the accident in question and while in the employ of respondent, had worked on the brakes of the bus. The notices which set the depositions for 26 October 1970 were received by the respondents on 20 October 1970. The trial of the cause was scheduled for the week of November 2nd. The respondents filed a motion to quash the taking of the depositions. On 26 October 1970, the trial court entered an order which granted the motion to quash and in effect denied petitioners the right to take the depositions.
Unquestionably under Rule 1.310(b), RCP, 30 F.S.A., the trial court has the authority to regulate as well as to prevent the taking of depositions, but when this authority is exercised it should be only upon a showing of good cause. Compare City of Miami Beach v. Wolfe, Fla. 1955, 83 So.2d 774. In the present case no such showing has been made. The motion to quash the taking of the depositions sets out no grounds except that the pre-trial conference had been held and that only seven days remained prior to trial. The respondent’s brief by way of further explanation advises us that the taking of the depositions shortly before the trial would give it no opportunity “to substantiate, clear up, or rebut any issue raised by these depositions.” We cannot accept these arguments as a showing of good cause. The mere holding of a pre-trial conference does not terminate the right to take depositions. The persons whose depositions were sought were employees of the respondent, were apparently available to the respondent for questioning since the accident, and presumably had disclosed to the respondent all pertinent facts with respect to the accident. If the information developed at the depositions in fact requires additional preparation on the part of the respondent, it may seek a continuance pursuant to Rule 1.460, RCP. Hence we conclude that good cause was not shown for the prevention of the depositions.
For the foregoing reasons, the petition for certiorari is granted and the order of 26 October 1970 is quashed and the cause remanded for further proceedings.
WALDEN, J., and DOWNEY, JAMES C., Associate Judge, concur.