329 So.2d 330 (1976)
Harry ABELSON, Appellant,
v.
Arie Lionel BOSEM, a/K/a Lionel Bosem, et al., Appellees.
No. 75-1179.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 22, 1976.
Heller & Kaplan and Robert Golden, Miami for appellant.
Sibley, Giblin, Levenson & Ward and Allan M. Glaser, Miami Beach, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal from an order overruling a number of appellant's objections to interrogatories, and appellees have cross-appealed that part of the order sustaining some of the objections.
The litigation in this cause began when Sari Abelson, the wife of appellant-counterdefendant, Harry Abelson, filed a complaint seeking rescission of certain agreements *331 and an accounting against her brother, Lionel Bosem, and her sister and brother-in-law, Tova and Bobby Goodis, appellee-counterplaintiffs. The complaint in essence alleged that appellees had violated a certain agreement between the parties, dated March 25, 1971 and entitled "Letter of Intent." The appellees filed a counterclaim asserting several causes of action arising out of the alleged breach of the "Letter of Intent" by both Sari and her husband, Harry. The complaint was tried separately from the counterclaim and during this trial, the "Letter of Intent" was determined by the trial court to be valid and enforceable. The outcome of the trial was a final judgment dismissing Sari's complaint with prejudice and reserving jurisdiction to try appellees' counterclaim for specific performance, damages, an accounting and other equitable relief as a result of Sari's and Harry's breach of the "Letter of Intent." The essential allegations of the counterclaim are (1) Sari Abelson, Lionel Bosem and Tova Goodis are the children of Simon and Rachel Bosem, now deceased; (2) just prior to Simon's death, Simon conveyed all his properties in Canada to Sari and Harry Abelson as trustees on behalf of the children. Lionel, Tova and Sari, and his wife, Rachel; (3) the March 25, 1971 "Letter of Inetnt" stipulated that as soon as practical title to these Canadian properties should be deeded in the names of the children, Lionel, Tova and Sari, and Simon's wife, Rachel; and (4) Harry and Sari breached this agreement by selling some of the properties, but the consideration received and the specific properties sold were unknown. Appellees propounded to Harry Abelson, interrogatories which sought a compilation of facts, figures and details on any and all Canadian properties Harry has owned since 1953. Harry filed his objections to all of the interrogatories on the grounds that (1) since appellees had not established their right to an accounting, the interrogatories were premature and he would be put to a lot of trouble for nothing, and (2) appellees merely are seeking to harass him. After a hearing on the objections, the trial judge entered the herein appealed order sustaining Harry's objections to those interrogatories pertaining to the accounting and overruling his objections to the remaining interrogatories relating to issue of whether Sari and Harry breached the "Letter of Intent."
We conclude that the appeal and cross-appeal lack merit in that a trial court in its treatment of discovery problems has wide discretion which the reviewing court ordinarily will not disturb, and both the appellant and cross-appellants have failed to demonstrate an abuse of that discretion accorded the trial court. See RCP 1.280 (b) and Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745; Continental Mortgage Investors v. Village By the Sea, Inc., Fla.App. 1971, 252 So.2d 833.
Affirmed.