DOWNEY, Judge.
Petitioner seeks review by writ of certio-rari of an interlocutory order involving discovery proceedings in an action formerly cognizable at law.
Respondent sued petitioner for compensatory and punitive damages. In order to determine petitioner’s net worth in aid of her punitive damage claim, respondent filed interrogatories and asked petitioner, among other things, to “please state your net worth as of this date.” Petitioner answered:
“ANSWER: I do not know my net worth as of this date, nor do I know any person who can furnish my net worth. It would require many weeks of intense work by accountants and expert assistants to formulate such a figure and the cost of having such work done would be an extremely heavy one. As stated here *501 tofore under oath herein, I have never given a financial statement to anyone and I’ve never engaged accountants or any other person to prepare one.”
Upon receipt of the foregoing answer, respondent moved the court to compel petitioner to provide a better and more complete answer to said interrogatory. The court, thereupon, entered the order under review, stating in pertinent part:
“The Court is of the view that the answer as given by the defendant is insufficient and that the plaintiff, in a case such as this, is entitled to obtain from the defendant a reasonable, realistic representation of what the defendant’s net worth is even though the figure given is an estimated or approximated one, and even though in the process of arriving at such estimate or approximation, the defendant must engage the services of expert assistance.
“Therefore, upon consideration thereof, said motion be and the same is hereby granted and the defendant shall on or before August 20, 1976, serve herein his amended answer to the aforesaid Interrogatory No. 1 consistent with the views of the Court expressed above.”
The thrust of the petition is that petitioner will have to incur expenses and do research to determine his net worth or in order to make a reasonable estimate thereof in accordance with the court order. Petitioner relies upon Bahebre v. Anderson, 294 So.2d 701 (Fla.3d DCA 1974) and Fryd Construction Corporation v. Freeman, 191 So.2d 487 (Fla.3d DCA 1966), for the proposition that the court may not require one to produce something that does not exist or which is not in the possession of the answering party. We find those cases to be inapposite to the point involved here.
Petitioner’s only point which warrants mention at this stage of the proceeding is that it will require considerable time and expense to determine his net worth. This imposition may be remedied by the taxation of costs which in turn is reviewable on plenary appeal. Accordingly, review by writ of certiorari is not available to petitioner.
Petition for writ of certiorari is
DENIED.
MAGER, C. J., and ALDERMAN, J., concur.