NIMMONS, Judge.
William M. Waite seeks relief, via a petition for certiorari, from the trial court’s protective order precluding Waite, an unrepresented defendant in the court below, from personally deposing by oral examination the plaintiff, Wellington Boats, Inc., and its principal corporate officers because of an extremely antagonistic relationship which has developed between Waite and such officers. We deny the petition.
Fla.R.Civ.Pr. 1.280 provides in relevant part:
“(c) Protective Orders. Upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following * * * (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery
Trial courts must be accorded broad discretion in the treatment of discovery problems through the employment of the protective provisions contemplated by Rule 1.280. See Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956); Abelson v. Bosem, 329 So.2d 330 (Fla. 3d DCA 1976). Moreover, petitioner has made no showing that he has been, or will be, unable to obtain needed discovery by other means available under the Florida Rules of Civil Procedure. Thus, petitioner has failed to demonstrate that the trial court abused its discretion in finding the requisite good cause to support the Rule 1.280(c) protective order. The petition must therefore be denied as the subject order does not depart from the essential requirements of the law.
Petition Denied.
SHIVERS and WENTWORTH, JJ., concur.