W. SHARP, Judge.
Helmick, a defendant in a personal injury action, seeks certiorari review of the trial court’s order which denied his motion for discovery to obtain production of psychological and psychiatric records pertaining to McKinnon, the plaintiff. McKinnon sued Helmick for injuries she received in a 1991 automobile accident, which she alleged he caused. She alleged she received damage to her brain in the accident which has created personality disorders. The trial judge reviewed a mental counselor’s notes, commencing in 1986 when McKinnon was fourteen years of age, through 1986, and concluded that these records are not relevant. We disagree and grant the writ.
Since McKinnon has placed her mental health in issue in this case, the primary question regarding the pre-accident psychological records is relevancy. See § 90.503(4)(c), Fla.Stat. (1993); Sykes v. St. Andrews School, 619 So.2d 467 (Fla. 4th DCA 1993); Cantor v. Toyota Motor Sales, 546 So.2d 766 (Fla. 5th DCA 1989). The medical expert witness for Helmick stated by affidavit that the pre-accident psychological records are requisite and necessary materials he should review in order to formulate an opinion as to whether the accident caused the plaintiffs current personality disorders or whether they existed (in part or otherwise) prior to the accident. Without these materials, Helmick will be unable to properly formulate his defense, and there is no better or available source for this information other than the counselor’s notes.
In most cases, appellate courts deny certiorari review of orders denying discovery because the aggrieved party generally can seek a remedy on appeal. But if a remedy will most likely be foreclosed on plenary appeal, this court will grant certiora-ri review. See, e.g., Carroll Contracting, Inc. v. Edwards, 528 So.2d 951 (Fla. 5th DCA 1988), rev. denied, 536 So.2d 243 (Fla.1988); Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980); Colonial Penn Insurance Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980).
In this case, it is unlikely that Helmick will be able to offer an adequate expert opinion in his defense if the requested materials are not furnished. Thus, he will not be able to make a sufficient proffer on appeal to show error below justifying a reversal for new trial. In such limited cases, certiorari review is appropriate.
Accordingly, we grant the petition for writ of certiorari, and quash the order denying discovery.
Petition for Certiorari GRANTED; Order Denying Discovery QUASHED.
PETERSON, C.J., and DAUKSCH, J„ concur.