683 So.2d 1137 (1996)
Ramona Lee CALFIN, Petitioner,
v.
Ronald Vincent McINNIS, Respondent.
No. 96-3975.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for petitioner.
No response required for respondent.
PER CURIAM.
Petitioner Ramona Calfin is the plaintiff in a personal injury suit arising out of a motor vehicle accident. Defendant has admitted liability, so the only issue remaining for trial is that of damages. Petitioner seeks certiorari review of an order denying her motion to compel the defendant to produce photographs of the accident scene. The defendant had objected to the production of the photographs on the basis of the work product privilege.
The order under attack is not appropriate for certiorari review because plenary appeal provides an adequate remedy to address the legal propriety of an order precluding discovery. National Beverage Suppliers, Inc. v. Esquire Products of Fla., Inc., 493 So.2d 551 (Fla. 4th DCA 1986); MacArthur v. Moffett, 340 So.2d 500 (Fla. 4th DCA), cert. denied, 348 So.2d 949 (Fla.1977). Petitioner's reliance on Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980), is misplaced. In United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), rev. denied, Caldwell-Scott Constr. Co. Inc. v. Graham, 419 So.2d 1195 (Fla.), rev. dismissed, *1138 U.S. Fidelity & Guaranty Co. v. Graham, 419 So.2d 1201 (Fla.1982), this court certified conflict with Travelers Indemnity. In Graham, this court held that an order denying a motion to compel settlement and an order denying a motion to compel discovery were not subject to certiorari review, since the latter can be reviewed on appeal from a final judgment. Id. at 864.
Because the petitioner has failed to demonstrate irreparable harm not remediable on direct appeal, the petition for certiorari is dismissed.
PARIENTE, STEVENSON and GROSS, JJ., concur.