PER CURIAM.
The former husband, Alan Herman, appeals from an order entered on his post-judgment petition for modification of alimony.
In his petition, Mr. Herman sought a reduction of his alimony obligations based on an alleged permanent change of circumstances: that due to his advanced age, ill health, and outdated job skills, he was working only part-time and thus suffered a significant reduction in his income. After considering the parties’ testimony and other evidence, the trial court determined that the husband is “currently experiencing genuine health problems” and his income is such that “he cannot at this time reasonably meet his alimony obligations each month.” Instead of granting the petition for modification of the alimony, however, the trial court abated the former husband’s obligation for a period of one year, during which time any arrearage would accrue but not be subject to enforcement by contempt proceedings. The order further provides that “[ajfter the one-year period of abatement, ... either party may seek such relief as they deem appropriate, including a modification of the agreement as to alimony.”
Because the abatement period has already expired and a decision regarding the propriety of the lower court’s order will not, at this juncture, directly affect the parties’ interest, we find the matter to be moot. See Godwin v. State, 593 So.2d 211 (Fla.1992); Lund v. Department of Health, 708 So.2d 645 (Fla. 1st DCA 1998). Accordingly, we dismiss the appeal without prejudice to appellant’s right to seek further relief in the trial court as provided for in the order appealed from.
Appeal dismissed as moot.