751 So.2d 694 (2000)
Chris BEEKIE, Petitioner,
v.
Montgomery Scott MORGAN, Respondent.
No. 5D99-2471.
District Court of Appeal of Florida, Fifth District.
February 4, 2000.
Rehearing Denied March 7, 2000.
*695 D. Paul McCaskill and Jeffrey M. Byrd, Orlando, for Petitioner.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., and Michael A. Romano of Clark & Romano, P.A., Orlando, for Respondent.
W. SHARP, J.
The Petition for Writ of Certiorari is granted and we remand to allow the petitioner, Beekie, to re-notice and conduct the oral deposition of Morgan, to be videotaped at petitioner's option, with due notice required by Florida Rule of Civil Procedure 1.310. All of the elements necessary for this court to grant certiorari have been established in this case.
To a certain extent, this is a case of first impression. To deny the writ means that Beekie (the plaintiff in a personal injury case arising out of an automobile accident) must proceed to trial against Morgan (the defendant below and driver of the car involved in the accident) without having taken Morgan's oral deposition, while Morgan has successfully exercised his right to orally depose Beekie. The trial court ruled erroneously in not ordering Morgan's oral deposition to be taken and the result is unfair and prejudicial to Beekie's ability to try his case.
One could characterize the behavior of counsel in this case as "Beavis-and-Butthead" *696 like,[1] or to put it in milder terms, uncivilized. We sincerely hope it is not the normal manner in which attorneys practice law "these days."[2]
On the morning of June 1, 1999, Morgan's attorney took Beekie's oral deposition. At the end of the deposition, Morgan's attorney asked if he could see the scars on Beekie's upper thigh, which were the result of his injuries in the accident. Beekie's attorney objected, pointing out that Beekie would have to take off his pants. Morgan's attorney said they could dismiss the court reporter, inferring that all the remaining persons would be "just guys." Beekie's attorney refused, saying they would have to conduct an independent medical examination and furthermore, they had been furnished with photographs of Beekie's leg. Morgan's attorney responded: "Get the hell out of here." Beekie's attorney objected to the language used and the tone of voice.
Several hours after this controversy, Beekie's counsel was to take the oral deposition of Morgan. When Morgan and his attorney arrived, Morgan's attorney objected to having the oral deposition videotaped because he claimed it had not been properly noticed under the Florida Rules of Civil Procedure. Beekie's notice had stated that the deposition may be videotaped "before Landmark Reporting or such other court reporter, videographer, or such other videographer ... duly authorized by law to take depositions." The address for Landmark was stated as 1516 Hillcrest Street, Suite 300, Orlando, Florida, the place the deposition was to be taken.
Although the attorney for Morgan had obviously had the notice of the deposition days before it was to be taken, he filed no objection and sought no protective order with regard to the notice. He claimed that the video notice did not comply with the requirements of Florida Rule of Civil Procedure 1.310, because it did not state the deposition would be definitely videotaped, and it did not give the name and address of the specific video operator, instead of the business or corporate name. Rule 1.310(b)(4)(A) states:

Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.
Morgan's attorney invited Beekie's attorney to go ahead with the deposition, but warned he would object to the videotape because it was improperly noticed. Not willing to lose his chance to video the deposition, Beekie's attorney elected to reschedule and re-notice the deposition. He explained later, he felt that the videotaping was particularly needed in this case to forestall more unprofessional conduct on the part of Morgan's attorney similar to that which had occurred that morning. Morgan's attorney warned that he would oppose any future deposition on the ground that Beekie had his one chance to take the oral deposition, and he had waived it.
Beekie's attorney re-noticed the oral deposition and proposed videotaping, but Morgan and his attorney failed to appear. Beekie's attorney filed a motion to compel, which brought both attorneys before the circuit court judge. After being informed about the discovery disputes, the judge said (and we agree heartily), "you guys are the very reason why the whole world wants to eliminate discovery" and "these are the kinds of things that cost a lot of money to your clients ... a lot of it is called Much Ado About Nothing."
*697 It is not clear whether the court agreed with Morgan's attorney's interpretation of rule 1.310(b)(4)(A). We find no supporting legal authority for this argument. However, the court denied Beekie's motion to compel because Beekie's attorney had not elected to go ahead and take the oral deposition when first scheduled.
The judge stated that there was "no reason in the world" Beekie should have canceled the deposition. He then stated: "So you cannot retake it. You had your chance. You've used up your chance." Similarly, the order stated:
Defendant's Motion for Protective Order in reference to the taking of the Defendant ... deposition at a future date is granted based upon the Court's finding that the Plaintiff previously had the opportunity to take the Defendant... deposition on June 4, 1999 ... (Emphasis supplied)
As a matter of law, a party is not limited to "one chance" to take a deposition. Rule 1.280 provides that frequency is not limited, save with certain exceptions which are inapplicable here.[3] Rule 1.280(c) provides that a court may issue a protective order to protect a party from "annoyance, embarrassment, oppression or undue burden or expense." But Morgan's attorney offered no good reason why Morgan could not have been deposed at a rescheduled time, other than inconvenience, and the need to take time off from work. Aside from that inconvenience, there was no evidence of annoyance, embarrassment, oppression or undue burden or expense. Protective orders must be based on good cause. Waite v. Wellington Boats, Inc., 459 So.2d 425 (Fla. 1st DCA 1984). Under the facts of this case, all that was warranted was for the court to order the payment of expenses. See Fla. R. Civ. P. 1.280(c). Further, it was Morgan's attorney who raised the technical objection to the notice form, which had the deposition proceeded, could possibly have deprived Beekie of the opportunity to admit the videotape into evidence at trial.
Beekie has other methods of discovery available to him and, it has been suggested, that the loss of his right to orally depose Morgan can be remedied sufficiently so as not to fundamentally affect his ability to try the case. However, oral depositions are considered essential by most trial attorneys. One proceeds to cross-examine a party at trial at one's own peril, without a prior oral deposition.
Oral depositions are livequestioning and receiving responses from a witness. They permit a wider expanse of questions and cross-examination on a broad range of issues, and provide a good test for witnesses and potential theories that might be used at trial. They are used by attorneys to assess the character and personality of a witness, to learn what his or her answers will be at trial, and to explore areas of previously unknown relevant inquiry which are follow-ups from the witness' answers. They also enable an attorney to estimate how the jury will perceive the witness, how prepared a witness is to explain matters, and the extent of his knowledge.
None of the above is available with other discovery methods, which are limited. Answers to written interrogatories generally are written by the other party's attorney and may be so artfully framed as to avoid or evade the issue. Trawick, Florida Practice and Procedure §§ 16-9. They are effective for objective, but not subjective facts. Trawick, Florida Practice and Procedure §§ 16-9. In Florida, the number of permitted questions are limited to thirty. See Trawick, Florida Practice and Procedure § 16-9; Fla. R. Civ. P. 1.340; Gladman v. Hallam, 104 So.2d 46 (Fla. 2d DCA 1958). A party seeking more than this must show good cause and seek an order. Fla. R. Civ. P. 1.340.
However, the issue in this case is whether the foregoing meets the requirements for certiorari review. Certiorari review *698 is permissible only where the order results in a material injury for the remainder of the trial which cannot be corrected on post-judgment appeal and departs from the essential requirements of law.[4]Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Departure from the essential requirements of the law results in irreparable harm which may not be corrected on direct appeal. Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla.1998); National Union Fire Ins. Co. v. Florida Const. Commerce & Industry Self Insurers Fund, 720 So.2d 535 (Fla. 2d DCA 1998).
Ordinarily, trial court orders refusing to compel discovery are not reviewed by certiorari because it is believed any harm caused by the denial can be adequately remedied on appeal from the final order. See, e.g., Palmer v. WDI Systems, Inc., 588 So.2d 1087 (Fla. 5th DCA 1991). We think this case is one of the rare denial-of-discovery cases in which certiorari review is warranted. See Helmick v. McKinnon, 657 So.2d 1279 (Fla. 5th DCA 1995); Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992). The failure to permit a deposition, or allow a party to answer questions during a deposition, has been held to be subject to certiorari relief. In Medero v. Florida Power and Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995), the third district held that the trial court lacked good cause to deny a second deposition and granted certiorari relief. The third district also granted certiorari relief in Ruiz, where the trial court had denied plaintiff the right to compel answers to questions during depositions about a meeting in which the autopsy of the deceased was discussed. And in Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996), the third district granted certiorari where the lower court entered an order denying the right to compel a material witness to answer questions in a deposition.
Similarly, this court granted certiorari where an order was entered which denied the party a right to take the testimony of a material witness. Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). Recently, we found that certiorari relief was warranted with respect to an order which prohibited the plaintiff in a personal injury action from videotaping his medical exam. Lunceford v. Florida Cent. R. Co., Inc., 728 So.2d 1239 (Fla. 5th DCA 1999). In all of these cases, the appellate courts found that the essential requirements for certiorari had been met, and that the denial of the testimony resulted in irreparable harm which could not be rectified on appeal.
This case is similar to those cited above. It is axiomatic that Beekie will suffer a material injury which will continue through the trial by being unable to depose Morgan. Lunceford; Sabol; Medero; Ruiz; Travelers Indemnity. This error is not remediable on appeal since there is no practical way to determine, after judgment, what the testimony and cross-examination testimony at trial would have been had Morgan been orally deposed in advance of trial, and how denial of that opportunity affected the outcome of the trial. Sabol; Medero; Ruiz; Travelers Indemnity. See also Lunceford.
The order denying the deposition of Morgan is a departure from the essential requirements of law, which will cause irreparable harm. Barring the deposition of Morgan has the potential to fatally infect the judgment and render it void. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Medero. To permit one side in a lawsuit to exercise the oral deposition privilege, but to deny it to the opposing side, where no abuse of discovery has occurred, unbalances the scale *699 of fairness at trial, and constitutes irreparable harm. See, e.g. Lunceford; Sabol; Medero; Ruiz; Travelers Indemnity. Accordingly, we grant the petition for certiorari.
Petition for Writ of Certiorari GRANTED; cause REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] As this court noted in 5500 North Corp. v. Willis, 729 So.2d 508, 512 (Fla. 5th DCA 1999), one would expect more civility from Beavis and Butthead than was displayed by the attorneys in this case.
[2] These comments are addressed to trial counsel, Jeffrey M. Byrd and Michael A. Romano, and not to the parties' appellate counsel, D. Paul McCaskill and Sharon Lee Stedman.
[3] See Fla. R. Civ. P. 1.200 and 1.340.
[4] The first two factors are jurisdictional, and an assessment of jurisdiction must be made first prior to reaching the third. Bared & Co., Inc. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995).