PER CURIAM.
Petitioner, the State of Florida, Commission on Ethics, has petitioned this court for review of non-final orders of an administrative law judge denying discov *300 ery pursuant to Florida Rule of Appellate Procedure 9.100 and Florida Statutes section 120.68(1). The administrative law judge ruled that the attorney-client privilege prevented discovery of the documents as well as invoices for services rendered to the client, documents describing the nature of those services, and interrogatory and deposition testimony concerning those services.[1]
Respondent states he has obtained permission from his client to produce the information requested, conditioned on the redaction of the amount that Respondent was paid and the amount of his retainer. Given Respondent’s willingness to produce these documents subject to these conditions, we remand to the administrative law judge to order production of the discovery sought by Petitioner, with the amount of fees paid and the retainer amount redacted. The amount of fees may be relevant to the potential penalty phase of this proceeding pursuant to section 112.317, Florida Statutes. Accordingly, we remand without prejudice for Petitioner to seek the amount of the retainer and fees charged to this private client during any relevant time periods, should Respondent be found in violation of section 112.311, et seq., Florida Statutes (the Code of Ethics for Public Officers and Employees).
Petition granted, and the administrative law judge’s orders granting Respondent’s motion for protection, and order denying Petitioner’s motion to compel, are quashed.
BOOTH, MINER and KAHN, JJ„ concur.

. Generally certiorari review is not granted for orders denying discovery. See Adventure Marine and Outdoor, Inc. v. Brennan, 807 So.2d 780 (Fla. 1st DCA 2002). However, the parties have briefed the issue, and due to the highly unusual concession made by Respondent, we are not prohibited from deciding this issue.