KLEIN, J.
Petitioner’s mortgage is in foreclosure. The bank records custodian and vice-president filed an affidavit reflecting that the mortgage was in default and the amount owed. Petitioner noticed the deposition of this witness in Florida, but the witness responded with a motion for protective order stating that she resides in Ohio and is employed by the lender in Ohio. The trial court granted the motion for protective order without explanation.
Petitioner has cited no authority which would support certiorari review of this order, which is not surprising since this court does not review by certiorari orders refusing to allow discovery. Barrett v. Callaway, 842 So.2d 1056 (Fla. 4th DCA 2003). Although this order is contrary to the well-established rule that the officer of a plaintiff corporation is required to attend a deposition in the forum where the action is pending, Ormond Beach First National Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), such an error can be corrected on appeal from final judgment. Accordingly, the no adequate remedy on appeal requirement for certio-rari, Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995), does not exist here.[1]
The petition is dismissed for lack of jurisdiction.
GUNTHER and STEVENSON, JJ., concur.

. Given the nature of this case, it may be that the deposition could be accomplished by telephone; however, that would either require the plaintiff to agree to it by stipulation, rule 1.300(c), or the court to order it under rule 1.310(b)(7).