940 So.2d 524 (2006)
Edward M. POSNER, Petitioner,
v.
Toni A. POSNER, Respondent.
No. 4D06-2588.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
*525 Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, and Jonathan S. Root of Graner Root & Heimovics, P.A., Boca Raton, for petitioner.
David Leacock and Howard M. Rudolph of Rudolph & Leacock LLP, West Palm Beach, for respondent.
MAY, J.
A discovery dispute brings this case to the court. The husband's father filed a petition for writ of certiorari to quash that portion of an order of the trial court overruling his objections to certain interrogatories propounded by his son's wife in their dissolution proceeding. We grant the petition, issue the writ, and quash the challenged portion of the order of the trial court.
In this dissolution proceeding, the wife deposed the husband's father, who testified that he and his wife had lent the couple substantial sums of money during their marriage. The father refused, however, to discuss whether he lent money to his daughter, a non-party to the dissolution proceeding. The wife sought to compel answers to those deposition questions. The trial court granted the motion, but directed the wife to propound interrogatories to the father in lieu of another deposition.
At a temporary relief hearing, the husband called his father to testify regarding the financial support given to him by his father. As a result of the testimony, the trial court found the gifts from the husband's parents did not fit within the Ordini exception and therefore did not include the monies as part of the husband's income. See Ordini v. Ordini, 701 So.2d 663 (Fla. 4th DCA 1997).
The wife subsequently served interrogatories on the husband's father. The first fifteen questions concerned the father's support of his daughter. The father served his objection to the interrogatories and argued that he should not be forced to disclose financial records irrelevant to any economic issues in the dissolution proceeding. The trial court overruled the father's objections to interrogatories one through fifteen, but sustained his objections to the remaining interrogatories. It is from this order that the father seeks review. The wife has filed a cross-petition challenging that portion of the order in which the trial court sustained the father's objections.
The father argues that the financial information of private persons is protected by Florida's constitutional right of privacy where there is no compelling reason for disclosure. See Art. I, § 23, Fla. Const.; Mogul v. Mogul, 730 So.2d 1287 (Fla. 5th DCA 1999). He suggests that what he has given or lent to his daughter and how she supports herself is irrelevant to his son's dissolution proceedings. We agree.
The interrogatories do not address the father's financial dealings with his son; they are aimed at the father's financial dealings with his daughter, a non-party. They have no relevance to the dissolution proceeding between the son and his wife. The court deviated from the essential requirements of the law in requiring the father to disclose this information. See *526 Straub v. Matte, 805 So.2d 99 (Fla. 4th DCA 2002). We therefore grant the petition, issue the writ, and quash that part of the discovery order overruling the father's objections to interrogatories one through fifteen.
As the wife's cross-petition seeks review of the denial of discovery, we do not accept jurisdiction of it. This issue may be raised on a plenary appeal from the final judgment of dissolution. See Barrett v. Callaway, 842 So.2d 1056 (Fla. 4th DCA 2003).
Petition Granted.
GUNTHER and FARMER, JJ., concur.