957 So.2d 119 (2007)
WHITNEY INFORMATION NETWORK, Petitioner,
v.
COUNCIL OF BETTER BUSINESS BUREAUS, INC., Better Business Bureau of West Florida, Inc., Better Business Bureau of Northwest Florida, Inc., Better Business Bureau of Central Florida, Inc., Better Business Bureau of Northeast Florida, Inc., and Better Business Bureau of Southeast Florida and the Caribbean, Respondents.
No. 4D07-1164.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
Steven N. Lippman, Shawn L. Birken and Matthew S. Sackel of Rothstein, Rosenfeldt, Adler, Fort Lauderdale, for petitioner.
No appearance for respondents.
PER CURIAM.
The petition for writ of certiorari is dismissed for failure to establish any irreparable harm that cannot be remedied on direct appeal. Barrett v. Callaway, 842 So.2d 1056 (Fla. 4th DCA 2003); Posner v. Posner, 940 So.2d 524, 526 (Fla. 4th DCA 2006); Wally v. Nat'l City Mortg. Co., 867 So.2d 444, 445 (Fla. 4th DCA 2004).
FARMER and SHAHOOD, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
Petitioner seeks a writ of certiorari directed to the trial court's order granting respondent's motion to quash subpoenas and requiring petitioner to seek court approval prior to further discovery. We are dismissing for lack of jurisdiction based on earlier cases from this court holding that this court does not review by certiorari an order precluding discovery. Calfin v. McInnis, 683 So.2d 1137 (Fla. 4th DCA 1996) and cases cited. Barrett v. Callaway, 842 So.2d 1056 (Fla. 4th DCA 2003). The rationale of these cases is that the error can be corrected on appeal from final judgment and therefore the irreparable damage requirement for granting certiorari is absent.
The Second, Third, and Fifth Districts do review orders denying discovery by certiorari. Bush v. Schiavo, 866 So.2d 136 (Fla. 2d DCA 2004); Lifemark Hosps. of Fla. v. Izquierdo, 899 So.2d 478 (Fla. 3d DCA 2005); Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). The First District has not yet done so, but does not have a hard and fast rule against such review. Fla. Comm'n on Ethics v. MacNamara, 833 So.2d 299 (Fla. 1st DCA 2002).
This court has not always adhered to our current position of not reviewing these petitions. In Brennan v. Board of Public Instruction, 244 So.2d 463 (Fla. 4th DCA 1971), we granted a petition for certiorari and quashed an order preventing the plaintiff from deposing three employees of the defendant in a personal injury case. And in Gold Coast Raceway, Inc. v. Ehrenfeld, 392 So.2d 1002 (Fla. 4th DCA 1981), we quashed a protective order precluding discovery based on attorney-client privilege. Although a three judge panel of this court purported to partially recede from Gold Coast in United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 *120 (Fla. 4th DCA 1981), this court has in fact not receded from either Gold Coast or Brennan.
The order entered in this case, which requires petitioner to seek court permission to conduct further discovery because of discovery abuse, does not present a case for revisiting the issue. When the appropriate situation is presented, however, I would be in favor of relaxing our current hard and fast rule, and addressing each case on an individual basis. As Judge Sharp explained in Beekie, where the trial court had erroneously precluded the plaintiff from deposing the defendant in an auto accident case:
This error is not remediable on appeal since there is no practical way to determine, after judgment, what the testimony and cross-examination testimony at trial would have been had Morgan been orally deposed in advance of trial, and how denial of that opportunity affected the outcome of the trial.
Beekie, 751 So.2d at 698.