958 So.2d 565 (2007)
POWER PLANT ENTERTAINMENT, LLC; Native American Development, LLC; Joseph S. Weinberg; and The Cordish Company, Petitioners,
v.
TRUMP HOTELS & CASINO RESORTS DEVELOPMENT COMPANY, LLC; Richard T. Fields; Coastal Development, LLC, Respondents.
No. 4D06-3984.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
*566 Larry A. Stumpf, Roy Black and Matthew P. O'Brien of Black, Srebnick, Kornspan & Stumpf, P.A., Miami, for petitioner.
Herman J. Russomanno and Robert J. Borrello of Russomanno & Borrello, P.A., Miami, and Kelley B. Stewart of Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A., Fort Lauderdale, for respondent Trump Hotels.
EN BANC
KLEIN, J.
Petitioners sought certiorari review of a trial court order upholding respondent's exercise of attorney/client privilege in a discovery proceeding. We dismissed the petition on the ground that no irreparable harm is demonstrated where the court denies a motion to compel discovery, because there is an adequate remedy on final appeal. Petitioners then filed a motion to certify conflict, pointing out that other district courts of appeal have allowed review by certiorari of orders denying discovery and this court does not.
This court's current position is exemplified by what we said in Barrett v. Callaway, 842 So.2d 1056, 1056 (Fla. 4th DCA 2003), in which the trial court had granted a protective order prohibiting discovery of documents. In dismissing the petition for certiorari we explained:
As sole authority for jurisdiction petitioner cites Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000), in which the fifth district reviewed by certiorari an order granting a protective order which prevented the taking of the defendant's deposition in an accident case. The Beekie court, recognizing that review of denial of discovery orders by certiorari is rarely warranted, concluded that it was justified under the facts.
This court, on the other hand, has consistently maintained the view that "plenary appeal provides an adequate remedy to address the legal propriety of an order precluding discovery." Calfin v. McInnis, 683 So.2d 1137 (Fla. 4th DCA 1996) and cases cited. Because we conclude that petitioner has failed to demonstrate irreparable harm which cannot be remedied on final appeal, we dismiss the petition.
This court has not always adhered to our current position of not reviewing these petitions. In Brennan v. Board of Public Instruction, 244 So.2d 463 (Fla. 4th DCA 1971), we granted a petition for certiorari and quashed an order preventing the plaintiff from deposing three employees of the defendant in a personal injury case. And in Gold Coast Raceway, Inc. v. Ehrenfeld, 392 So.2d 1002 (Fla. 4th DCA 1981), we quashed a protective order precluding discovery based on attorney-client privilege. Although a three judge panel of this court purported to partially recede from Gold Coast in United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), this court has in fact not receded from either Gold Coast or Brennan.
We have now concluded that we should take this opportunity to recede from the cases indicating we have a hard and fast rule against reviewing orders denying discovery, and join our sister courts which have occasionally, but not routinely, granted review. See, e.g., Bush v. Schiavo, 866 So.2d 136 (Fla. 2d DCA 2004); Lifemark Hosps. v. Izquierdo, 899 So.2d 478 (Fla. 3d DCA 2005); Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000).
Our reluctance to review these petitions stems from the fact that discovery disputes have become so numerous in the trial courts. The Florida Supreme Court obviously had similar concerns when it decided *567 Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), emphasizing that it was "extremely rare" that an erroneous non-final ruling can be corrected by certiorari. Id. at 1098. In Martin-Johnson, the issue was whether district courts of appeal should review, by certiorari, orders denying motions to dismiss or strike claims for punitive damages. The defendant argued that the erroneous refusal to strike an invalid punitive damage claim could result in irreparable injury in that it would permit the plaintiff to inquire into confidential financial information of the defendant. Our supreme court rejected that argument, holding that "discovery of a litigant's finances" is not the irreparable harm contemplated by the certiorari standard of review. Id. at 1099. The court went on to explain:
[I]f we permitted review at this stage, appellate courts would be inundated by petitions to review orders denying motions to dismiss such claims, and trial court proceedings would be unduly interrupted. Even when the order departs from the essential requirements of the law, there are strong reasons militating against certiorari review. For example, the party injured by the erroneous interlocutory order may eventually win the case, mooting the issue, or the order may appear less erroneous or less harmful in light of the development of the case after the order. Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 227-28 (1977).
Id. at 1100.
Consistent with our supreme court's admonitions in Martin-Johnson, we remind counsel that few orders denying discovery will involve information so relevant and crucial to the position of the party seeking discovery, that it will amount to a departure from the essential requirements of law so as to warrant certiorari review. A good example of the serious type of error which would warrant review was presented to the fifth district in Beekie, where the trial court had not allowed the injured claimant to take the deposition of the defendant driver of the car involved in the accident. On the other hand, we do not expect to receive petitions from denials of fishing expeditions.
We voted to en banc this case solely for the purpose of announcing that we do not have a hard and fast rule against reviewing orders denying discovery. It is unnecessary for the full court to consider whether an order to show cause should be issued on this petition, and accordingly further proceedings will be before the original panel, not the entire court. We deny the motion to certify and vacate the order of dismissal.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, SHAHOOD, GROSS, TAYLOR, HAZOURI, and MAY, JJ., concur.