DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHANNON GALLAGHER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2024-1289

[November 6, 2024]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Jr., Judge; L.T. Case No. 22-012103CF10A.

Shannon Gallagher, Lake Worth, pro se.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Senior Assistant Attorney General, West Palm Beach, for respondent.

KLINGENSMITH, C.J.

Pro se petitioner Shannon Gallagher seeks certiorari review of an order denying her request to depose witnesses in her pending criminal prosecution. We grant the petition and quash the order because, considering petitioner's pro se status, the trial court's "blanket" denial of discovery depositions departs from the essential requirements of law resulting in irreparable harm to petitioner. *See Herman v. J.P. Morgan Sec., Inc.,* 35 So. 3d 188 (Fla. 4th DCA 2010) (quashing trial court's order blanketly denying all discovery requests); *Power Plant Ent., LLC v. Trump Hotels & Casino Resorts Dev. Co., LLC*, 958 So. 2d 565 (Fla. 4th DCA 2010) (en banc) (acknowledging there is no "hard and fast rule" against certiorari review of orders denying discovery).

Petitioner is representing herself in a pending murder prosecution following her attorney's motion to withdraw and the trial court's finding that petitioner is competent to do so in accordance with *Faretta v. California*, 422 U.S. 806 (1975). Petitioner filed a notice to depose several of the State's category "A" witnesses. *See* Fla. R. Crim. P. 3.220(h)(1)(A)

("The defendant may, without leave of court, take the deposition of any witness listed by the prosecutor as a Category A witness . . . ."). The State objected, arguing petitioner is not permitted to be physically present at depositions absent stipulation of the parties or good cause as determined by the trial court. *See* Fla. R. Crim. P. 3.220(h)(7). The trial court agreed and precluded *all* depositions without discussing "good cause" or any particular witness.

We grant the petition as petitioner has good cause to depose witnesses such that the blanket prohibition departs from the essential requirements of law. *See Herman*, 35 So. 3d at 188-89. *But cf. Magbanua v. State*, 281 So. 3d 523, 525-27 (Fla. 1st DCA 2019) (dismissing certiorari petition for lack of jurisdiction and holding represented defendant's inability to depose one material witness due to trial court's protective order could be remedied on direct appeal).

First, we note that the general prohibition of a defendant's presence at a discovery deposition applies regardless of whether a defendant is represented by counsel. *See* Fla. R. Crim. P. 3.220(h)(7) ("A defendant shall not be physically present at a deposition except on stipulation of the parties or as provided by this rule."). The fact that petitioner is not only a *pro se* defendant below but also an attorney is also a relevant factor in the analysis. Thus, a blanket denial of petitioner's right to be present during discovery in a case like this would in essence force her to take on counsel when she has chosen not to do so.

Second, rule 3.220 provides a trial court the ability to take measures and impose limitations to protect deponents when necessary. *See, e.g.*, Fla. R. Crim. P. 3.220(h)(8) & (*l*)(1)-(2); *In re Amends. to Fla. Rules of Crim. Proc. – 2024 Legislation*, 49 Fla. L. Weekly S215 (Fla. Aug. 29, 2024). The trial court may take such measures including but not limited to terminating the deposition and limiting the time of the deposition as well as the scope and manner of the taking of the deposition. *See* Fla. R. Crim. P. 3.220(*l*)(2). These measures may similarly be considered and applied in cases involving pro se defendants.

Here, the trial court erred by prohibiting *all* discovery depositions without making any findings or considering any conditions necessary to prevent the problems which the trial court envisioned. Accordingly, we grant the petition and quash the order on review, remanding the case for further proceedings consistent with this opinion.

*Petition granted; order quashed.*

GROSS and MAY, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***