# First District Court of Appeal
## State of Florida

_____

No. 1D2024-0820

_____

ALACHUA TODAY, INC.,

    Petitioner,

    v.

DW ASHTON CATERY, INC., MARY
MORGAN PITTMAN COMBS, and
GARVIN COMBS,

    Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction.
George M. Wright, Judge.

February 5, 2025

PER CURIAM.

Alachua Today, Inc. ("ATI"), petitioned for a writ of certiorari seeking review of the trial court's nonfinal orders denying its motion for protective order and motion for reconsideration of the same. ATI sought to prevent DW Ashton Catery, Inc. ("DWA") from deposing its attorney, H. Bryan Boukari. ATI argues first that it made a strong showing of good cause for the trial court to grant the protective order. Second, that the trial court failed to make findings on the record as required by *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). And third that allowing DWA

to depose Boukari would expose information protected by the attorney-client and work product privileges.

To obtain a writ of certiorari in a case involving a nonfinal order, the petitioner must prove, "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents of State v. Snyder*, 826 So, 2d 382, 387 (Fla. 2d DCA 2002)). And a departure from the essential requirements of law refers to "something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice." *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 527 (Fla. 1995) (quoting *Jones v. State*, 477 So. 2d 566, 569 (Fla. 1985)) (Boyd, C.J., concurring specially).

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending *may* make any order to protect a party or person." Fla. R. Civ. P. 1.280(c) (emphasis supplied). The request for deposition of a party's attorney can create good cause for the party opposing the deposition to seek a protective order under the rule. *See Allstate Ins. Co. v. Brent M. Huber, Inc.*, 384 So. 3d 317, 318 (Fla. 5th DCA 2024). Accordingly, courts must "exercise great care before permitting the deposition of an attorney." *See W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). But the rules of civil procedure "do not prohibit the deposition of an attorney simply because he or she is an attorney." *See Allstate Ins. Co.*, 384 So. 3d at 318.

A trial court has broad discretion in overseeing discovery. *Bush v. Schiavo*, 866 So. 2d 136, 138 (Fla. 2d DCA 2004); *Waite v. Wellington Boats, Inc.*, 459 So. 2d 425, 426 (Fla. 1st DCA 1984). "The importance of oral depositions in trial preparation and use in trial proceedings cannot be overstated." *Savannah Cap., L.L.C. v. Pitisci, Dowell & Markowitz*, 313 So. 3d 953, 956 (Fla. 2d DCA 2021). And "a strong showing is required before a party will be denied entirely the right to take a deposition." *Deltona Corp. v. Bailey*, 336 So. 2d 1163, 1170 (Fla. 1976) (citations omitted).

2

While Boukari is representing ATI, his deposition is sought as a fact witness. He is the son of ATI's corporate representative. The case is about a real property easement. Boukari's law office is in the same building with ATI and at the same location as the disputed easement. It is uncontested that he was personally involved with the disputes between the parties before the initiation of the case, including verbal disputes about where cars and dumpsters were located on the easement. One affidavit asserts that Boukari parked his personal vehicle in the easement and refused to move it, preventing Waste Pro from emptying DWA's dumpster. The circumstances about which DWA wishes to depose him appear to touch on the heart of the case. And nothing in the record suggests that these incidents were privileged. These kinds of problems can arise when a lawyer acts as an advocate in a case in which he is also a fact witness. *See* R. Regulating Fla. Bar 4-3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client."). Lawyers must be very careful when acting as an advocate in a matter with which they are personally involved because "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." R. Regulating Fla. Bar 4-3.7 (comment).

As for ATI's second argument, the "term 'clearly established law' refers to 'recent controlling case law, rules of court, statutes, and constitutional law.'" *State, Dep't of Revenue ex rel. Carnley v. Lynch*, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011) (quoting *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003)); *see Stilson v. Allstate Ins. Co.*, 692 So. 2d 979, 983 (Fla. 2d DCA 1997) (refusing to grant a petition for writ of certiorari where there was no controlling precedent because it could not be said that the trial court violated a clearly established principle of law). *Shelton*—a federal intermediate court case that has not been adopted by this Court, the Florida Supreme Court, or the U.S. Supreme Court—is not controlling case law, so even if ATI is correct that the trial court violated *Shelton*, the trial court did not violate a clearly established principle of law. *State v. Dwyer*, 332 So. 2d 333, 335 (Fla. 1976) ("Even though lower federal court rulings may be in some

instances persuasive, such rulings are not binding on state courts.").

As to the third argument, ATI argues that because the trial court's order denying ATI's motion for protective order expanded the scope of the deposition to any "areas that may be discoverable or potentially discoverable in this case," privileged information would be implicated. But this argument takes the trial court's order out of context. Privileged information is not discoverable. Fla. R. Civ. P. 1.280(b)(1) (2024) (explaining that the scope of discovery includes "any matter, not privileged, that is relevant to the subject matter of the pending action"). And the trial court noted at the hearing on ATI's motion that if DWA asked Boukari a question that would reveal privileged information, ATI could object and file a privilege log, in line with Florida Rule of Civil Procedure 1.280(b)(6) (2024). Thus, the trial court's order was clearly not intended to expand the scope of the deposition to include privileged information.

The trial court was forced to tailor a solution to the unique factual circumstances. ATI has failed to show that the trial court departed from the essential requirements of the law when it denied ATI's motion for a protective order. ATI has also failed to show that the trial court's denial will result in irreparable harm.

DISMISSED.

ROBERTS, ROWE, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

H. Bryan Boukari and Linda Rice Chapman of Boukari Law, P.A., Alachua, for Petitioner.

Leonard E. Ireland, Jr. of Clayton-Johnston, P.A., Gainesville, for Respondents.