PER CURIAM.
Dade County [County] appeals the award of appraiser’s fees in an eminent domain *1208 proceeding.[1] Pursuant to section 73.091, Florida Statutes (1987), the property owner is entitled to recover reasonable costs, including reasonable appraiser’s fees. The property owners’ appraiser, Mr. Sutte, submitted a bill for 536.5 hours of work totaling $48,012.50, representing five years of work by the appraiser and his staff. Included in the appraiser’s efforts were: reviewing the property’s size and location, conducting comparisons with other properties affected by the People Mover and reviewing other sales transactions in the area to determine the extent of condemnation damages. The County’s two appraisers submitted bills of $11,360 and $9,720. The County claims that a reasonable fee for rendering similar services should not deviate more than ten percent. After hearing testimony, the trial court awarded the property owners $30,000 in appraiser’s fees without stating any reasons.
The County presents three points: 1. the trial court incorrectly limited the testimony of the County’s expert witness to his opinion about the reasonableness of the bill, and did not permit him to testify about the procedure he would follow in conducting a similar appraisal; 2. the trial court abused its discretion in awarding $30,000 in appraiser’s fees; 3. the trial court.abused-its discretion in preventing the County from using a report prepared by its appraiser when it cross-examined the property owner’s ■ expert. We find no merit in these contentions and affirm the award.
As to the first point, we find that the trial court correctly limited the testimony of the County’s expert to non-cumulative, non-repetitive testimony. The County sought to introduce its expert's testimony regarding his procedure for conducting an appraisal of the type involved here. The court found that the testimony had already been heard and did not permit its introduction. The admission of cumulative evidence is within the discretion of the trial judge and “this discretion will not be disturbed on appeal unless it appears to so prejudice the result as to indicate an abuse of discretion.” Driscoll v. Morris, 114 So.2d 314, 316 (Fla. 3d DCA 1959). In this case, the proffered testimony was cumulative and its exclusion was harmless. Kennedy v. Brago, 544 So.2d 216 (Fla. 3d DCA 1989); Crawford v. Shivashankar, 474 So.2d 873 (Fla. 1st DCA 1985).
As to the second point, we find that the trial court’s award of $30,000 in appraiser’s fees did not constitute an abuse of discretion.. It is the duty of the court to “inquire into any items of cost, to be satisfied, for example that the appraisers are not too numerous, and that their charges are proper_” Dade County v. Brigham, 47 So.2d 602, 604 (Fla.1950). The allowance of appraiser’s fees is a matter for the trial judge to decide in the exercise of sound judicial discretion. Brigham.
In Metropolitan Dade County v. Curelli, Douglas, McClaskey, Collins, 511 So.2d 602 (Fla. 3d DCA 1987), review denied, 520 So.2d 585 (Fla.1988), this court faced a similar issue. There, Dade County attacked the reasonableness of appraiser’s fees on the ground that the fee paid by the county to its appraiser was lower, and that the trial court did not explain how it arrived at its figures. The court decided that the county had not demonstrated an abuse of discretion, and that the reasonableness of the fee was supported by expert testimony.
The case before us involves a similar set of circumstances. Dade County protests the fee award on the ground that it is higher than the fees charged by its experts. Ample testimony supports a finding that the fees are reasonable; the appraiser had been employed on this condemnation project for five years, and he produced time sheets to support his bill. The trial court exercised its discretion and reduced the requested fees substantially.
Next, we address the County’s third issue, the trial court’s refusal to allow cross-examination of appellee’s expert witness with a 66 page report prepared by the *1209 County’s appraiser at a cost of $2,800. We find no abuse of the trial court’s discretion in excluding the report.
Affirmed.

. A separate appeal of the $145,600 verdict in the underlying eminent domain case is presently pending in this court.