715 So.2d 289 (1998)
RYDER TRUCK RENTAL, INC., Appellant,
v.
Gloria PEREZ, Appellee.
No. 96-2223.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied August 12, 1998.
*290 Gaebe, Murphy, Mullen & Antonelli and Michael Murphy, Coral Gables, for appellant.
Jugo & Murphy, Miami; Elizabeth Russo and Lee Katherine Goldstein, Coconut Grove, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
Ryder Truck Rental, the defendant below, appeals from a final judgment in a negligence action. We reverse and remand for a new trial.
In October, 1989, Gloria Perez was injured in an automobile collision with a Ryder truck. Ryder admitted liability; the only issues to be tried were the permanence and quantum of Perez' damages. In 1994, the trial court ruled that each party would be allowed to present the testimony of only one expert medical witness per specialty. Perez was examined by two Independent Medical Examiners [IMEs]: one orthopedist and one neurologist; Ryder listed them as its expert witnesses.
During discovery, Perez identified Drs. Gordon and Herskowitz as her two treating physicians. Dr. Herskowitz had treated Perez for thirteen months in 1990 and 1991, and opined in discovery that she did not have a permanent injury and had reached maximum medical improvement. Dr. Gordon was Perez' treating orthopedist during the same period, and also opined that she had no permanent injury and had reached maximum medical improvement.
Ryder listed Doctors Gordon and Herskowitz as witnesses. The court ruled that Ryder would not be allowed to call those doctors as witnesses because allowing the treating physicians to render their permanency opinions would violate the "one expert per specialty rule." However, the trial court continued the trial for 3½ months to give Ryder the opportunity to have Perez' two treating physicians perform updated examinations of the plaintiff. Ryder could then choose to present expert opinions in each specialty from either the defense expert or the treating physician, but not both. Ryder continued to argue that it had the right to present two same-specialty expert opinions on permanence, on the basis that the treating physicians were not expert witnesses, but were fact witnesses whom the jury should hear. Ryder further argued that it needed to present the opinions of both the treating physicians and the IMEs because they had examined Perez at different times after the accident. The trial court adhered to its "one witness per specialty" rule, and restated its ruling that Perez' treating physicians could not be called by Ryder to testify on the issue of permanence.
The trial court abused its discretion in denying Ryder the right to elicit fact testimony from Perez' treating physicians on the issue of whether Perez suffered from a permanent injury. Treating physicians do not acquire their "expert knowledge for the purpose of litigation but rather simply in the *291 course of attempting to make [their] patient well." Frantz v. Golebiewski, 407 So.2d 283, 285 (Fla. 3d DCA 1981). Drs. Gordon and Herskowitz, as Perez' treating physicians, should not have been classified as expert witnesses, but as ordinary fact witnesses not impeded by the "one expert per specialty" rule imposed by the trial court. See Carpenter v. Alonso, 587 So.2d 572 (Fla. 3d DCA 1991) (treating physician not subject to trial court's limitation of one expert witness per side in medical malpractice suit).
Reversed and remanded for a new trial.[1]
COPE and GODERICH, JJ., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent. Although the court correctly states that treating physicians are witnesses of a different nature than expert witness IMEs, the court misapprehends the nature of the testimony that Ryder sought to elicit from Perez' treating physicians. Ryder did not seek to admit fact testimony relating to the course of treatment that the doctors provided to Perez; instead, Ryder sought their ultimate opinionswhether Perez had reached maximum medical improvement, and whether her injuries were permanent. That testimony is neither fact testimony that relates to their "care of the patient", as in Carpenter v. Alonso, 587 So.2d 572, 573 (Fla. 3d DCA 1991), nor knowledge acquired "simply in the course of attempting to make [their] patient well." Frantz v. Golebiewski, 407 So.2d 283, 285 (Fla. 3d DCA 1981). Instead, Ryder sought classic expert opinion testimony that included an ultimate issue to be determined: the permanency of Perez' injuries. See generally section 90.703, Florida Statutes (1997); see also Ehrhardt, Florida Evidence § 703.1 (1998 Edition). Ryder, in sum, sought to circumvent the trial court's ruling and offer two expert witnesses per specialty. The court, acting within its broad grant of discretion, properly denied that request.
When Ryder listed Perez' treating physicians as additional witnesses, the court afforded Ryder the opportunity to have Drs. Gordon and Herskowitz re-examine their patient just prior to trial, and ordered Perez to submit to such examinations. The court continued the trial for three and one-half months so that these examinations could be conducted. However, Ryder chose not to have these examinations conducted, and instead insisted on its right to call the treating physicians and elicit testimony from them relating to Perez' condition five and six years before the trial began.
By failing to avail itself of the opportunity to have the treating physicians re-examine Perez, Ryder failed to secure the very evidence regarding permanence that it sought to present. The trial court gave Ryder a clear choice: pick either your selected IME or the plaintiff's treating physician to give expert testimony on the issue of permanence.[2] Ryder chose to rely on its IMEs; it cannot now complain of that choice.
I would affirm.
NOTES
[1] Our disposition of the main appeal renders the cross appeal moot.
[2] I continue to believe that it is unseemly and highly improper to allow a defendant to call upon a plaintiff's treating physician to reveal private medical information obtained in the course of treatment. I am aware that the law, unfortunately, does not recognize such an unqualified privilege. See Coralluzzo v. Fass, 435 So.2d 262, 263 (Fla. 3d DCA 1983) (Jorgenson, J., dissenting), approved, 450 So.2d 858 (Fla. 1984), superseded in part by statute, section 440.13(2), Florida Statutes (1988); see also Acosta v. Richter, 671 So.2d 149 (Fla.1996).