COPE, J.
Lion Plumbing Supply, Inc. appeals an adverse judgment in an automobile accident case. We conclude that two expert witnesses of defendant-appellant Lion Plumbing should not have been excluded, and remand for a new trial.
I. .
The car of plaintiff-appellees Bienvenido and Delia Suarez was struck from the rear by defendant Lion Plumbing’s truck. The plaintiffs sought treatment for neck and back pain the day after the accident.
The plaintiffs were treated by a general practitioner, Dr. William Colado. When their complaints of pain persisted, Dr. Co-lado referred them to, and received reports from, an orthopedic surgeon, two neurologists, a clinical psychologist, a psychiatrist, and neuro-psychologist. The medical professionals were of the opinion that the husband, age sixty, had suffered a herniated disk, persistent pain, and an inability to perform his regular job duties. The medical opinion was that the wife, age fifty-eight, had a bulging disk, persistent pain, and an inability to concentrate, which likewise limited her ability to perform her job responsibilities.
The plaintiffs sued the defendant for negligence. It was conceded that the defendant had been negligent in causing the rear-end collision.[2] The main disputes at trial were whether the neck and back ailments of the plaintiffs were attributable to the accident or were the result of degenerative changes in the body, and whether the *770 plaintiffs’ medical complaints were as severe as they claimed.
By pretrial ruling, the trial court indicated that expert witnesses would be limited to one per side per specialty. The plaintiffs’ pretrial disclosure listed all seven treating professionals.
The defense obtained medical examinations of the plaintiffs by a neurologist, as well as an orthopedic examination by Dr. Ramirez for the wife and Dr. Glatzer for the husband.
In opening statement, plaintiffs’ counsel reviewed the course of treatment of the plaintiffs, identifying the medical professionals who had treated them. Plaintiffs’ counsel outlined the plaintiffs’ theory of the case, and also discussed the medical evidence which was anticipated from the defendant’s experts. In opening statement, defense counsel outlined the defense theory of the case and explained that the defense would be calling its neurologist as well as the two orthopedic specialists.
On the first day of trial, the plaintiffs called the neurologist to the stand to testify. On the morning of the second day of trial, plaintiffs’ counsel announced that he had decided not to call the plaintiffs’ orthopedic surgeon — but requested the court to rule that if the plaintiffs withdrew their orthopedic surgeon, then the defense would likewise not be allowed to call either of its orthopedic experts, Dr. Ramirez or Dr. Glatzer. The trial court so ruled, and the plaintiffs withdrew their orthopedic expert. The plaintiffs went on to present testimony from the plaintiffs’ general practitioner and the plaintiffs’ neuro-psychologist.
In the defense case, the defense was only allowed to call its neurologist, Dr. Scheinberg, as an expert. The neurologist acknowledged that he could only testify regarding the plaintiffs’ complaints from a neurological standpoint. The defense neurologist also said:
As I indicated in my report, I felt that in both instances, for Mrs. and Mr. Suarez, that in view of the nature of their complaints, that an independent orthopedic exam might be helpful, because I could not explain on a physiologic basis the persistence of pain for a period of time after the accident.
(TR. 475).
In closing argument, plaintiffs’ counsel emphasized that the plaintiffs had been treated by seven physicians over the years, all of whom agreed from their various viewpoints that the plaintiffs had suffered a permanent injury, whereas the defense had only produced a single hired expert, Dr. Scheinberg.
The jury returned the verdict in favor of the plaintiffs, and the defendant has appealed.
II.
A limitation on the number of experts per side is allowed as a mechanism to prevent the “needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (1999); see Charles W. Ehrhardt, § 403.1, at 159-60 (2002); see also § 90.612(l)(b), Fla. Stat. (1999). The application of a restriction of this kind must take into account the circumstances of the case, and the ruling is reviewable for abuse of discretion.
Our initial concern is that the exclusion of expert witnesses came after the trial was under way, without fair notice. As this court has said:
[A]ny limitation placed on the number of witnesses to be called should be imposed only after trial counsel has had fair and adequate warning, so that if the limitation imposed requires a reduction in the number of anticipated witnesses, counsel *771 may have fair opportunity to select (within the limitation imposed) the witness or witnesses whom counsel wishes to call. For the court to arbitrarily and without any advance notice terminate the right to call an additional expert witness is an abuse of discretion when, as in this case, it is made to appear that counsel had every reasonable expectation of calling such additional expert witness, the anticipated testimony is not merely cumulative, and the witness would have testified but for the unfore-warned limitations precluding the party’s right to call further witnesses.
Fogel v. Mirmelli, 413 So.2d 1204, 1208 (Fla. 3d DCA 1982); see also Pascual v. Dozier, 771 So.2d 552, 554-55 (Fla. 3d DCA 2000); C.E. Huffman Trucking, Inc. v. Red Cedar Corp., 723 So.2d 296, 298 (Fla. 2d DCA 1998).
In this case Dr. Colado, the plaintiffs’ treating general practitioner, testified at trial. Dr. Colado had referred the plaintiffs to a number of specialists, including a neurologist and orthopedic surgeon. The specialists provided their reports to Dr. Colado. Dr. Colado testified about the course of treatment and assigned permanent partial impairment ratings to each plaintiff.
As we view the matter, Dr. Colado based his medical opinion in part on the reports of other experts. Further, through his testimony the substance of the expert reports was placed before the jury. Clearly the opposing side must have a fair opportunity to controvert the specialist evidence.
Furthermore, when the defendant’s lone expert testified, he explained that he could only testify from a neurological point of view. He stated that an independent orthopedic examination may be helpful in evaluating the plaintiffs’ continuing complaints of pain. The plaintiffs argued to the jury that the defense neurologist had acknowledged he could only testify about neurology and could not address the other areas of expertise presented by the plaintiff.
The plaintiffs argue that this district has established a black letter rule whereby the testimony offered by a treating practitioner is never considered for purposes of a one-expert-per-side limitation. We do not think the cases support so rigid an interpretation. In such cases as Carpenter v. Alonso, 587 So.2d 572 (Fla. 3d DCA 1991), and Maler v. Geraldi, 502 So.2d 973 (Fla. 3d DCA 1987), the limitations on medical experts were upheld in the circumstances there presented, but the circumstances are not set forth in the opinions. In Ryder Truck Rental, Inc. v. Perez, 715 So.2d 289 (Fla. 3d DCA 1998), the trial court had ruled that the defendant could not question the plaintiffs’ treating physicians without hiring the plaintiffs’ physicians to serve as the defense experts. Id. at 290-91. The ethical problem in such a procedure is obvious, and this court held that in those circumstances, the treating physicians did not count against the expert witness limitation. Id. at 291.
Where, as here, a treating general practitioner serves as a conduit to place specialist testimony before the jury, or offers medical opinions based on specialist reports, the defending parties must have a fair opportunity to respond by presenting opposing expert testimony.
III.
Since there must be a new trial, we address the directed verdict issue. We agree with the defendant that the wording of the directed verdict may have misled the jury. On remand, the problem can be avoided by using the language of the standard jury instructions.
*772 The plaintiffs moved for a directed verdict on the issue of negligence. The trial court instructed the jury, over defense objection, as follows:
The court has also determined and now instructs you as a matter of law that there was negligence on the part of Lion Plumbing Supply, Inc. which was a legal cause of loss, injury or damage to Mr. and Mrs. Suarez.
(TR. 647).
While the defendant acknowledges that a directed verdict on the issue of negligence was appropriate, the defendant points out that the sharply contested issue at trial was whether the injuries claimed by the plaintiffs had, in fact, been caused by the collision. It was the defense position that while the plaintiffs suffered from a herniated disk, and bulging disk, respectively, that those resulted from degenerative changes in the body and had not been caused by the accident. The defense also maintained that some of the plaintiffs’ complaints were exaggerated or nonexistent.
On this appeal, the defense argues that the jury may have misunderstood the jury instruction to tell them that the defendant was responsible for all of the plaintiffs’ claims. It would appear that the correct resolution is provided by civil standard jury instruction 3.1(d), which states:
The court has determined and now instructs you, as a matter of law, that
[[Image here]]

d. directed verdict on liability:

(defendant) was negligent and that such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant). (Claimant) is therefore entitled to recover from (defendant) for such [loss] [injury] [or] [damage] as is shown by the greater weight of the evidence to have thus been caused.
Fla. Std. Jury Instr. (Civ.) 3.1(d) (emphasis in original).
V.
For the stated reasons, we reverse the judgment and remand for a new trial.

. The defendant counterclaimed for comparative negligence, contending that the plaintiffs’ automobile stopped abruptly when the defendant had no reason to anticipate it. The jury found against the defendant on this issue.