ON REHEARING GRANTED

RAMIREZ, J.
On consideration of the motion for rehearing, the court withdraws its previous opinions filed June 16, 2004 and January 3, 2005, and substitutes the following opinion in its place.
Isabel Gonzalez, and her husband, Carlos Gonzalez, appeal the trial court’s entry of final judgment and the denial of their motions for rehearing and new trial. With respect to Rebecca Martinez, M.D., we reverse the defense verdict and remand for a new trial because the trial court improperly limited the number of treating physicians witness testimony at trial. As to Javier A. Gutierrez, M.D., we affirm the directed verdict entered in his favor.
This case involves the alleged medical malpractice of appellee Javier A. Gutierrez, M.D., Isabel Gonzalez’s primary doctor, as well as appellee Rebecca Martinez, M.D., the doctor who the couple allege negligently used forceps during the delivery of their son. During the trial, the Gonzalezes sought to elicit the non-expert witness testimony of nineteen treating physicians. The trial court limited their witness testimony to three. The trial court subsequently allowed the defendants to read into the record the depositions of various treating physicians, none of whom the trial court permitted the Gonzalezes to call as witnesses. The trial court granted a directed verdict in Dr. Gutierrez’s favor at the close of the evidence at trial, finding there was no evidence to support the Gonzalez’s allegation that Dr. Gutierrez was vicariously liable for Dr. Martinez’s actions. The trial court further found that the Gonzalezes failed to prove a partnership by estoppel. The jury returned a verdict in Dr. Martinez’s favor, and the trial court thereafter entered its final judgment in favor of both doctors and denied the Gonzalezes’ post-trial motions.
*527 With respect to Dr. Martinez, we conclude that the trial court abused its discretion when it limited the number of treating physicians the Gonzalezes could call upon to testify at the trial. This Court has held that a trial court abuses its discretion when it denies litigants their right to elicit fact testimony from their treating physicians. See Ryder Truck Rental, Inc. v. Perez, 715 So.2d 289, 290 (Fla. 3d DCA 1998). The error was compounded when the trial court permitted defense counsel to read into the record the deposition testimony of the very same witnesses which the court had precluded the plaintiffs from calling. This gave the jury the misimpression that the deposition testimony belonged to witnesses for the defense.
We agree with Dr. Martinez that a trial judge has the discretion to limit the number of witnesses who the parties may call to testify at trial, and there is no abuse of discretion when the trial judge excludes additional medical testimony that would have been cumulative in nature. In this case, however, we cannot agree with Dr. Martinez that the limitation the trial court placed upon the number of plaintiffs’ witnesses was justified.
During closing arguments, the trial court allowed defense counsel to reference the plaintiffs’ treating physicians and did not permit plaintiffs’ trial counsel to explain to the jury why the plaintiffs had only called three physicians to testify. The trial court instead reprimanded plaintiffs’ counsel in the jury’s presence when plaintiffs’ counsel referred to the defense’s closing comments related to the three physicians that the plaintiffs had called to testify. We cannot say that the comments made by defense counsel and the trial court, coupled with the trial court’s refusal to allow plaintiffs’ counsel to explain to the jury their reasons for having called only three physicians to testify, did not conceivably prejudice the plaintiffs.
The Gonzalezes have also argued that the trial court incorrectly precluded the ability of the parties to exercise a juror backstrike. After six jurors had been selected, the trial court proceeded to chose alternate jurors. At this point, before the jury was sworn, defense counsel sought to backstrike one of the six prospective jurors. The trial court refused to allow this, accusing defense counsel of playing games. Plaintiffs’ counsel complained that, for the record, the defense had not specified which juror they would have backstricken. When the defense proffered the identity of the juror they would have stricken, plaintiffs’ counsel stated the following:
[Plaintiffs Counsel]: Just so we’re clear, Your Honor, I’m making the records. And this is now record making. I would have exercised a strike on the first six if I had known ... I might not have. But I used the strike because of the question on the dismissal for cause of Ms. Bosworth. But I would have ... I would probably have asked for Mr. Larkin to be excused.
At this point, both sides had a peremptory challenge available to exercise on the first six jurors. Such a statement, made for the record and couched in probabilities, did not properly preserve the issue. The record does not show that plaintiffs ever renewed their objection prior to the jury being sworn.
Although the trial court erred in denying the parties their right to back-strike a juror, the issue was not preserved for appellate review. The Florida Supreme Court has stated that trial counsel have the right to challenge any juror, either peremptorily or for cause, before a jury is sworn. See Tedder v. Video Electronics, Inc., 491 So.2d 533 (Fla.1986). Until a juror is sworn, the parties have the *528 right to strike that juror if they have peremptory challenges available. However, the cases impose a duty to renew voir dire objections before a jury is sworn so as to preserve the issue for appellate review consistent with the contemporaneous objection requirement of State v. Neil, 457 So.2d 481 (Fla.1984), and State v. Slappy, 522 So.2d 18 (Fla.1988).
Basically the Gonzalezes are attempting to piggyback on defense counsel’s attempt to backstrike a particular juror, without identifying who they would have stricken, and without objecting immediately prior to the jury being sworn. We decline the Gonzalezes’ invitation to create a per se reversible error under these circumstances and conclude that the issue was not properly preserved.
Affirmed in part; reversed in part; and remanded.