# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0200
Lower Tribunal No. 20-3269-CA-01
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Dr. Elias Chousleb,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Russo Lima Appellate Firm, P.A., Elizabeth K. Russo and Paulo R. Lima, for appellant.

Kula & Associates, P.A., Elliott B. Kula and William D. Mueller, for appellee.

Before EMAS, GORDO and GOODEN, JJ.

GORDO, J.

Universal Property & Casualty Insurance Company ("Universal") appeals a final judgment awarding damages for property loss in favor of Dr. Elias Chousleb ("Chousleb"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Universal sought to elicit testimony already presented to the jury, we find the trial court did not abuse its discretion in denying Universal's request to recall its witness as any additional testimony would have been cumulative in nature. Accordingly, we are compelled to affirm.[1] See Gonzalez v. Martinez, 897 So. 2d 525, 527 (Fla. 3d DCA 2005) ("[A] trial judge has the discretion to limit the number of witnesses who the parties may call to testify at trial, and there is no abuse of discretion when the trial judge excludes additional [] testimony that would have been cumulative in nature."); Dade Cnty. v. Midic Realty, Inc., 549 So. 2d 1207, 1208 (Fla. 3d DCA 1989) ("The court found that the testimony had already been heard and did not permit its introduction. The admission of cumulative evidence is within the discretion of the trial judge and 'this discretion will not be disturbed on appeal unless it appears to so prejudice the result as to indicate an abuse of discretion.' In this case, the proffered testimony was cumulative and its exclusion was harmless." (quoting Driscoll v. Morris, 114

---

[1] We also recognize that the trial court admitted all documents requested by Universal, and Universal was able to present closing arguments.

So. 2d 314, 316 (Fla. 3d DCA 1959))); Shiba v. Gabay, 120 So. 3d 80, 84 (Fla. 4th DCA 2013) ("The [appellant] had the opportunity to be heard on the issue . . . and presented substantial testimony . . . . [T]he trial court did not abuse its discretion in sustaining the objection to the cumulative nature of the [witness's] testimony."); Woodson v. Go, 166 So. 3d 231, 233-35 (Fla. 5th DCA 2015) ("[W]e see no reason to permit litigants . . . to have an almost unfettered right to present cumulative . . . witness testimony.  We would observe that section 90.612(1)(b), Florida Statutes [] expressly requires a trial judge to exercise reasonable control over the presentation of the evidence so as to avoid the needless consumption of time . . . . Because Appellant has failed to demonstrate that he was prejudiced by the trial court's actions, we affirm.").

Affirmed.